OPINION
{¶ 1} Plaintiff-appellant, Dawn Buford, pro se, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adopting and approving the magistrate's decision. Because the record does not disclose any plain error in the trial court, we affirm.
 {¶ 2} Appellant lives in Saginaw, Michigan with the parties' minor child, Jada R. Buford. On October 22, 2001, appellant filed a petition in Michigan seeking court ordered child support from defendant-appellee, Rico Singleton, pro se. Because appellee lives in Columbus, Ohio, and the parties never married, the matter was transferred to Franklin County, Ohio. On June 28, 2004, the trial court issued a citation to appear on July 22, 2004, for a hearing in this matter. Appellee was served by personal service on July 6, 2004. Appellant admits to having notice of the hearing, but claims that a Child Support Enforcement Agency ("CSEA") paralegal told her not to attend because the hearing would be postponed due to other proceedings taking place in Michigan.
 {¶ 3} Contrary to appellant's belief, the child-support hearing took place as scheduled. In attendance were appellee and Suzanne Hoy, an attorney for CSEA. Appellant did not attend. The magistrate issued a decision on August 4, 2004, that: (1) ordered a downward deviation of child support pursuant to R.C. 3119.23(D) from $673.19 per month to $500.00 per month and imposed said amount effective July 22, 2004; (2) ordered appellee to maintain health insurance for the minor child with the parties equally dividing all uncovered extraordinary medical expenses; (3) granted appellee the right to claim the minor child as a dependent for federal tax income purposes on the condition that he is current in his child-support obligation; and (4) ordered appellant to provide all necessary documentation to appellee to enable him to claim the minor child as a dependent. By judgment entry filed August 4, 2004, the trial court adopted the magistrate's decision. No objections were filed to the magistrate's decision.
 {¶ 4} Appellant appeals, assigning the following errors:
[I.] According to the § 3119.05 of the ohio revised code, there is an obligation to verify the income of both parties. this was not done. as a result the income for both parties is incorrect.
[2.] There was a deviation done according to the § 3119.23(D) of the ohio revised code, for an extraordinary cost associated with parenting time. at that time, no parenting time was established. Therefore, no extraordinary costs were incurred at that time.
[3.] The appellee was also given an income adjustment for healthcare expenses totaling $1413 per year. Appellee pays approximately $80 per month of premiums for the child which totals only $960 per year.
[4.] Per the magistrate's order the appellee was also given the child's tax deduction starting on july 22, 2004. The appellant is the custodial parent. By federal law, the deduction goes to whomever the child resides with over 50% of the year. The child does not reside with appellee. neither does the appellee provide more than 50% of the child's financial support. Therefore, appellee should not have been awarded the tax deduction.
[5.] Per the magistrate's order no arrearages were awarded.
 {¶ 5} Pursuant to Civ.R. 53(E)(3)(d), "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See Brown v. Zurich, 150 Ohio App. 3d 105, 2002-Ohio-6099, at ¶ 26; Clendenen v. Fannin Realty, Inc., Franklin App. No. 01AP-1295, 2002-Ohio-4548, at ¶ 17; McBroom v. Bob-Boyd Lincoln Mercury, Inc.
(Oct. 22, 1998), Franklin App. No. 98AP-229. Thus, "`Civ.R. 53(E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision.'" State ex rel. Alston v. Indus. Comm., Franklin App. No. 00AP-1379, 2002-Ohio-4720, at ¶ 4, quoting Huffman v. Huffman
(June 21, 2000), Mahoning App. No. 98 CA 136. The staff notes of Civ.R. 53 provide that "division (E)(3)(b) * * * reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." Further, in State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000),88 Ohio St.3d 52, 53-54, 2000-Ohio-269, the Supreme Court of Ohio held that pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. See, also, State ex rel. Abate v. Indus. Comm., 96 Ohio St.3d 343,2002-Ohio-4796, following Booher.
 {¶ 6} This court, in construing Civ.R. 53, has "held that the failure to file objections to the magistrate's decision under Civ.R. 53(E)(3)(b) constitutes the waiver of the right to appellate review `of all but plain error.'" In re Montgomery (Oct. 28, 1999), Franklin App. No. 99AP-749, quoting Fed. Prop. Mgt. v. Brown (June 25, 1999), Montgomery App. No. 17424. The plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. Goldfuss v. Davidson (1997),79 Ohio St.3d 116.
 {¶ 7} In the present case, Civ.R. 53(E)(3)(b) provided appellant with the mechanism to raise her arguments before the trial court. Appellant failed to utilize this method by not filing objections to the magistrate's decision. "As Goldfuss makes clear, plain error is to be used very sparingly and would not be warranted in the absence of circumstances raising something more than a mere failure to object."R.G. Real Estate Holding, Inc. v. Wagner (Apr. 24, 1998), Montgomery App. No. 16737. The case at bar does not present exceptional circumstances. Nor does this court find any error in law or fact on the face of the magistrate's report. Therefore, we find that appellant has waived any appellate review of the trial court's adoption of the magistrate's decision, to which she filed no objections.
 {¶ 8} It should be noted, however, the fact that appellant is proceeding pro se is of no consequence; she is still required to comply with the civil rules. We have previously held that, with respect to procedural rules, pro se litigants are to be held to the same standards as members of the bar. Asset Acceptance LLC v. Evans, Franklin App. No. 04AP-36, 2004-Ohio-3382, at ¶ 9; Hudson v. State Dept. of Rehab. Corr., Franklin App. No. 04AP-562, 2004-Ohio-7203, at ¶ 18. See, also,Ohio Mut. Ins. Co., v. Delong, (Nov. 26, 2001), Fairfield App. No. 01CA34, 2001-Ohio-1957; White v. White (June 18, 1981), Cuyahoga App. No. 43572. As such, appellant was required to file objections pursuant to Civ. R. 53(E) to preserve her right to appeal to this court, which she failed to do.
 {¶ 9} Accordingly, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Petree and French, JJ., concur.