OPINION
{¶ 1} Defendant-appellant, Garlin D. Carter, appeals, and plaintiff-appellee, Joyce A. Carter, cross-appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, (1) awarding plaintiff-appellee attorney fees in the total amount of $25,925 to be paid within 90 days of the judgment entry, and (2) denying plaintiff interest on the parties' agreed child support arrearage. Because the trial court's award of attorney fees failed to include the requisite findings, we reverse that aspect of the trial court's judgment; because the trial court did not abuse its discretion in denying plaintiff interest on the child support arrearage, we affirm that portion of the trial court's judgment.
 {¶ 2} The parties in this case were granted a divorce in 1992 and entered into an Agreed Judgment Entry — Decree of Divorce. The decree ordered defendant to pay $1,200 per month in spousal support for two years. When defendant's duty to pay spousal support ceased, defendant was to pay child support for the parties' adult handicapped child at a rate to be determined. The decree specified neither an amount of child support defendant was to pay, nor a date when defendant was to begin paying child support. Indeed, when defendant's spousal support duty terminated, neither party took any action to enforce defendant's child support obligation until plaintiff filed a motion on June 29, 2000.
 {¶ 3} After several days of hearing on plaintiff's motion, the parties entered into an agreement under which defendant agreed to pay plaintiff $55,000 in back child support. The parties also agreed to submit to a magistrate the remaining issues of interest, life insurance, contempt, attorney fees, and the issuance of a qualified domestic relations order ("QDRO"). As pertinent to defendant's appeal, the magistrate awarded plaintiff $3,000 in attorney fees and costs. Plaintiff objected, and the trial court modified the magistrate's decision to an award of $1,050 in attorney fees related to defendant's contempt and $21,875 in attorney fees related to plaintiff's efforts in obtaining support.
 {¶ 4} In reaching its decision, the trial court found an award of attorney fees was appropriate to enable plaintiff to fully litigate her rights and adequately protect her interests. The trial court concluded that if it did not award a portion of the fees "it took to determine defendant's arrearage, it would render plaintiff's efforts meaningless and in effect help to insulate defendant from his legal obligations." (Trial Court Opinion, at 11.) As further support for its attorney fees award, the trial court noted defendant's unnecessary delay tactics throughout the litigation, contributing to higher attorney fees. Accordingly, the trial court journalized an entry awarding plaintiff $25,925 in attorney fees.
Although plaintiff filed a motion for a new trial, the trial court denied the motion.
 {¶ 5} Defendant appeals, assigning two errors:
First Assignment of Error
The trial court abused its discretion and erred as a matter of law in ordering Appellant to pay to the Appellee a total of $25,925.00 in attorney fees within 90 days of its judgment entry.
Second Assignment of Error
The trial court abused its discretion and erred as a matter of law in finding Appellant in contempt for failing to provide health insurance and life insurance information.
 {¶ 6} Plaintiff cross-appeals, also assigning two errors:
FIRST ASSIGNMENT OF ERROR:
The trial court erred and abused its discretion by failing to provide adequate assurance that Defendant will perform his obligation to pay support, to pay the arrearage and to pay attorney's fees awarded by the Court either by requiring additional insurance or a second Qualified Domestic Relations Order (QDRO).
SECOND ASSIGNMENT OF ERROR:
The trial court erred and abused its discretion by not awarding interest on the arrearage at the legal rate.
 {¶ 7} As a result of plaintiff's post-decree motion to collect child support, the trial court awarded attorney fees to plaintiff in the amount of $25,925 to be paid within 90 days of the judgment entry. The trial court, however, did not specify the statutory authority for the award of fees. Accordingly, we initially examine the possible alternatives supporting an award of fees at the time plaintiff's motion was filed: R.C. 3105.18(H) or 3123.17(B).
 {¶ 8} Pursuant to R.C. 3105.18(H), effective at the time the proceedings began, a court "may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards." In considering such an award, "the court * * * shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award * * * fees." Thus, in order for a trial court to award attorney fees to a party under R.C. 3105.18(H), it must find (1) the other party has the ability to pay the fees; (2) the party seeking fees need them to fully litigate her rights and adequately protect her interests; and (3) the fees requested are reasonable. Tonti v. Tonti, Franklin App. No. 03AP-494, 2004-Ohio-2529.
 {¶ 9} By contrast, R.C. 3123.17(B) does not specifically require any finding regarding a party's ability to pay the fees. Rather, R.C. 3123.17(B) simply provides that "[w]hen a court issues or modifies a court support order, the court may include in the support order a statement ordering either party to pay the costs of the action, including, but not limited to, attorney's fees * * * and court costs."
 {¶ 10} Here, the trial court found that an order of attorney fees was appropriate to enable plaintiff to fully litigate her rights and adequately protect her interests. The trial court further found the fees awarded were reasonable. Based on the language it used, the trial court appears to have awarded attorney fees pursuant to R.C. 3105.18(H). If, however, the trial court applied R.C. 3105.18(H), it failed to comply with the requirements of that statute in that it did not determine whether defendant had the ability to pay the fees.
 {¶ 11} Although plaintiff argues the fees were awarded pursuant to R.C. 3123.17(B), we are not able to glean anything from the trial court's order to support her proposition. Even had the trial court considered plaintiff's request for an award of attorney fees under R.C. 3123.17(B), the court nonetheless would have been obliged to consider, among other factors, defendant's ability to pay. See Jarvis v. Witter, Cuyahoga App. No. 84128,2004-Ohio-6628 (concluding that an award of attorney fees under R.C. 3123.17[B] requires examination of the factors set forth inHummer v. Hummer [Aug. 28, 1986], Franklin App. No. 86AP-293, including the parties ability or inability to pay). The trial court's opinion does not reflect that the trial court considered defendant's ability to pay.
 {¶ 12} Subsequent to the trial court's award, the legislature repealed R.C. 3105.18(H) and enacted R.C. 3105.73, providing that "[i]n any post-decree motion or proceeding that arises out of an action for divorce * * * or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." In ascertaining whether an award is equitable, "the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."
 {¶ 13} H.B. No. 36, Section 3, indicates the legislature intended the new statute to apply retroactively, as it provides that "Section 3105.18 of the Revised Code, as amended by this act, and section 3105.73 of the Revised Code, as enacted by this act, apply * * * if * * * [t]he action or proceeding is brought, or a notice of appeal in the action or proceeding is filed, prior to the effective date of this act, and the action or proceeding is pending in a trial or appellate court on the effective date of this act."
 {¶ 14} Here, although the action was brought prior to the effective date of R.C. 3105.73, the action was pending in the trial court on the effective date of the statute due to plaintiff's motion for a new trial. Moreover, because plaintiff's motion was a post-decree motion or proceeding, R.C. 3105.73(B) addresses plaintiff's request for attorney fees. Accordingly, whether the trial court applies R.C. 3105.73(B) or 3123.17(B) in awarding attorney fees, the trial court must "find" that an award of fees is equitable by considering relevant factors the court deems appropriate. In determining whether an award of attorney fees is equitable in a post-decree proceeding, this court has held that the trial court should consider (1) the needs of the children, (2) any change in circumstances, including increases in income, (3) the ability or inability of either party to pay, (4) the total amount of attorney fees, (5) the proportion of fees caused by undue delay or resistance by either party, and (6) the effect of payment of fees upon the custodial parent's ability to contribute a proportionate share of child support. Hummer,
supra; Smith v. Smith (Feb. 10, 2000), Franklin App. No. 99AP-453 (analyzing factors articulated in Hummer in connection with R.C. 3105.18[H]).
 {¶ 15} Because H.B. No. 36, Section 3 requires retroactive application, we must remand the issue for a determination of attorney fees with the appropriate findings. Accordingly, defendant's first assignment of error is sustained to the extent indicated.
 {¶ 16} Defendant's second assignment of error contends the trial court erred in finding him in contempt. The magistrate found defendant in contempt for failing to provide information regarding health and life insurance as the divorce decree requires. The trial court sentenced defendant to three days in jail, suspended upon defendant's purging himself by providing plaintiff with a copy of the required health and life insurance documents. Defendant did not provide any documents regarding health insurance until nearly two years after plaintiff filed the motion to collect child support.
 {¶ 17} Pursuant to Civ.R. 53(E)(3)(d), a party shall not assign as error on appeal the trial court's adoption of the magistrate's finding of fact or conclusion of law unless the party objected to that finding or conclusion. Buford v.Singleton, Franklin App. No. 04AP-904, 2005-Ohio-753. Civ.R. 53(E) imposes an affirmative duty on the parties to file timely, specific objections to the trial court, identifying any error in the magistrate's decision. Id., citing State ex rel. Alston v.Indus. Comm., Franklin App. No. 00AP-1379, 2002-Ohio-4720;State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000),88 Ohio St.3d 52. The failure to file objections to the magistrate's decision constitutes a waiver of the right to appellate review of all but plain error. Buford, supra. Plain error is reserved for only the most exceptional circumstances. Id. The fact that a litigant is pro se does not eliminate the requirement that a party comply with the civil rules of procedure. Id.
 {¶ 18} Although defendant filed "objections" to the magistrate's decision, his objections asserted, in essence, that guardian ad litem fees were attorney fees and were dischargeable under bankruptcy law. Defendant did not object to the magistrate's finding him in contempt, and he thus waived the issue on appeal. Further, because defendant had not, at the time of plaintiff's motion, provided health insurance documents as required by the divorce decree, no plain error exists in this case. Accordingly, defendant's second assignment of error is overruled.
 {¶ 19} In the first assignment of error on cross-appeal, plaintiff maintains the trial court erred in not providing adequate assurance that defendant will pay the child support and attorney fees the court awarded. Because the issue of attorney fees is to be redetermined, the substance of plaintiff's first assignment of error is premature at this time, and we decline to address it.
 {¶ 20} In the second assignment of error, plaintiff contends the trial court abused its discretion in declining to award interest at the legal rate on the arrearage. Pursuant to R.C.3123.171, interest "may be charged on the amount of support arrearages owed pursuant to a default under a child support order only as provided by section 3123.17 of the Revised Code." R.C.3123.17(A)(2) provides, in pertinent part, that "[i]f the court determines the obligor is in default under a support order, the court shall issue a new order requiring the obligor to pay support. If the court determines the default was willful, the court may assess interest on the arrearage amount from the date the court specifies as the date of default to the date the court issues the new order requiring the payment of support." An award of interest on an arrearage amount is within the trial court's discretion and will not be reversed unless the decision is unreasonable, arbitrary, or unconscionable. R.C. 3123.17(A)(2) (stating the court "may" assess interest); Williamson v.Williamson, Lorain App. No. 04CA008441, 2004-Ohio-4319; Littlev. Little (Oct. 14, 1994), Wood App. No. 94WD045.
 {¶ 21} Assuming, without deciding, that defendant is in default, we cannot find an abuse of discretion in the trial court's declining to award plaintiff interest on the agreed arrearage amount. The parties' divorce decree was not specific as to child support payments: it did not require either party to provide relevant information to the court on any specific date to allow the trial court to calculate child support. As the trial court found, the parties entered into their own agreement, years after the divorce decree, whereby defendant agreed to pay $55,000 in back child support. Even assuming a valid support order predated the parties agreement on the child support arrearage, the trial court did not find that defendant's failure to pay child support was willful, as required by the statute, apparently because neither party attempted to enforce the support obligation for approximately six years. Under those circumstances, we cannot say the trial court acted unreasonably, arbitrarily, or unconscionably in failing to award interest. Accordingly, plaintiff's second assignment of error is overruled.
 {¶ 22} Having sustained defendant's first assignment of error to the extent indicated, rendering plaintiff's first cross-assignment of error moot, but having overruled defendant's second assignment of error and plaintiff's second assignment of error on cross-appeal, we reverse in part and affirm in part the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment reversed in part and affirmed in part; caseremanded.
Klatt, P.J., and French, J., concur.