OPINION
{¶ 1} Defendant-appellant, Michael McCord, appeals from decisions entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, in favor of plaintiff-appellee, Iris McCord, n/k/a Cooper, in consolidated case Nos. 06AP-102 and 06AP-684. For the following reasons, we overrule appellant's assignments of error and affirm the decisions of the trial court.
 {¶ 2} Appellant and appellee were married on October 26, 1984 and had two children during the course of their marriage. On September 23, 1999, the parties were granted a divorce. The terms of the divorce decree did not require appellant to pay child support. However, on January 20, 2000, appellee filed a motion for child support, citing a change of circumstances of the parties. Appellee also requested that the court order appellant to pay her reasonable attorney fees.
 {¶ 3} On February 17, 2004, the trial court granted appellee's motion. The trial court ordered that child support be paid for both children. The trial court ordered the support payments to be retroactive from January 2000. The trial court further directed that the Franklin County Child Support Enforcement Agency ("FCCSEA") determine the arrearage owed by appellant as a result of the order. On February 25, 2004, the trial court filed an entry imposing guardian ad litem fees. However, the court did not decide appellee's application for attorney fees at that time.
 {¶ 4} On April 1, 2004, FCCSEA issued a finding that appellant owed $113,803.46 in child support. On April 16, 2004, FCCSEA filed an advance notice of default. Appellant objected and requested a mistake of fact hearing before FCCSEA. On June 7, 2004, FCCSEA conducted the mistake of fact hearing and determined that appellant actually owed $118,789.40. On July 2, 2004, appellant appealed the FCCSEA determination and requested that the trial court conduct a mistake of fact hearing.
 {¶ 5} On July 6, 2004, appellant appealed the February 17, 2004 trial court decision that granted appellee child support and the February 25, 2004 grant of fees to the guardian ad litem. Appellee's motion for attorney fees remained pending. See McCord v. McCord, Franklin App. No. 04AP-287. On March 21, 2005, we dismissed appellant's appeal for want of a final appealable order. We noted that appellee's application for an award of attorney fees was still pending in the trial court and the orders on appeal lacked Civ.R. 54(B) language.
 {¶ 6} On September 15, 2005, the trial court conducted a hearing on appellant's objections to the findings made in the FCCSEA administrative hearing. On January 4, 2006, the trial court found that appellant failed to provide evidence that the arrearage amount of $118,789.40 was incorrect and, therefore, upheld the determination by the administrative agency. The trial court further directed that FCCSEA release the sum of $14,579.68 to appellee. The monies had been recovered through an intercept order by the state of Ohio. Appellant appealed from the child support award. This appeal was assigned case No. 06AP-102. Appellee's motion for attorney fees remained pending in the trial court.
 {¶ 7} On the same date, September 15, 2005, the trial court began a multi-day hearing on appellee's motion for attorney fees. Appellee presented the testimony of her attorney who itemized the time spent on various aspects of the case and the costs incurred during his representation of appellee. On June 6, 2006, the trial court granted appellee $16,600 in attorney fees. The trial court explained that a portion of the award was based upon appellant's conduct:
 The court finds the dilatory conduct of the defendant caused the attorney fees of the plaintiff to be increased. The plaintiff's ability to pay these increased attorney fees were further hampered because she was paying for the children's daily support as defendant was not paying any of the children's expenses. Furthermore, the defendant was not paying the daughter's college expense * * *. The defendant was to pay the daughter's college expense pursuant to the original decree. Even though the plaintiff's income was sufficient to pay ordinary fees and expenses, she could not afford the added expense. * * *
The trial court stated that appellant's conductincreased appellee's attorney fees by 35 percent, or approximately $16,600. Appellant filed an appeal from this award. The appeal was assigned case No. 06AP-684. The order granting appellee's motion for an award of attorney fees provided finality to the previous child support order subject of case No. 06AP-102.[1]
 {¶ 8} In case No. 06AP-102, appellant challenges the ruling of the trial court that ordered appellant to pay child support and directed FCCSEA to calculate the arrearage. Appellant asserts two assignments of error:
 [I.] The trial court erred by not recusing itself in this administrative appeal.
 [II.] The trial court erred when it found that FCCSEA had subject matter jurisdiction in this matter.
 {¶ 9} Appellant's first assignment of error contends that the trial court judge was biased and should have recused himself from the appeal of the FCCSEA child support determination. Appellant reasons that, because the judge issued the original order modifying the child support agreement and directed FCCSEA to calculate appellant's child support arrearages, the trial judge was biased against appellant and should not have heard the appeal from the administrative determination. Appellant made his request for recusal to the trial judge at the time of the child support hearing.
 {¶ 10} Section 2701.03 of the Revised Code provides the exclusive method by which a litigant may seek removal of a common pleas judge on the grounds that the judge is biased or prejudiced. R.C. 2701.03(A) provides as follows:
 If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.
R.C. 2701.03(B) requires the moving party to set forth specific allegations of prejudice and supporting facts. A motion seeking recusal must be notarized and presented to the chief justice for a final determination. "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased and prejudiced."[2] Jones v. Billingham (1995),105 Ohio App.3d 8, 12. An appellate court has no authority to pass upon issues of disqualification of a trial judge. Farley v. Farley, Franklin App. No. 02AP-1046, 2003-Ohio-3185, at ¶ 35. We have no authority to consider appellant's claim of disqualification or adjudicate appellant's claim that the trial judge erred in refusing to recuse himself. Appellant's first assignment of error is overruled.
 {¶ 11} In his second assignment of error, appellant proposes that orders that are not final and appealable are not enforceable by the trial court. Appellant reasons that because we determined in case No. 04AP-287 that the order granting modification of the child support agreement was not final and appealable at that time, FCCSEA lacked subject matter jurisdiction to determine arrearages. Appellant believes that the only enforceable order in this case is the final decree and separation agreement in which appellant and appellee agreed that he was not required to pay child support.
 {¶ 12} Trial courts have inherent power to issue orders throughout the course of proceedings. Concomitantly, courts have inherent power to enforce their own orders. In addition, trial courts have power to issue orders pursuant to the Rules of Civil and Criminal Procedure. Generally interlocutory in nature, these orders are necessary to ensure that litigation progresses toward final resolution. Were appellant's reasoning correct, no trial court could ever enforce an order during the course of the proceedings, including an order for temporary child support. Under appellant's theory, child support would not be due and payable until the final divorce decree was filed. Appellant's position is without merit. The second assignment of error is overruled.
 {¶ 13} In case No. 06AP-684, appellant appeals from the award of attorney fees to appellee. Appellant raises three assignments of error on the issue of attorney fees:
 [I.] The trial court erred by awarding attorney fees to the plaintiff based upon the dilatory conduct of the defendant.
 [II.] The trial court awarding of attorney fees is contrary to the law.
 [III.] The trial court erred by awarding attorney fees to the plaintiff based upon the use of O.R.C. 3105.73.
We first address appellant's third assignment of error.
 {¶ 14} The party requesting an award of attorney fees bears the burden of proving the reasonableness of the fees sought. Swanson v.Swanson (1976), 48 Ohio App.2d 85. Any subsequent award of attorney fees is within the sound discretion of the trial court. Blum v. Blum (1967),9 Ohio St.2d 92; Rand v. Rand (1985), 18 Ohio St.3d 356. As such, we may reverse the trial court's decision only upon a showing that the trial court abused its discretion and acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982),1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995), 106 Ohio App.3d 562,565; and In re Ghali (1992), 83 Ohio App.3d 460, 466.
 {¶ 15} Appellant argues that the trial court erred when it applied R.C. 3105.73 instead of R.C. 3105.18(H) in awarding attorney fees. Appellee first filed a motion for attorney fees in January 2000 and the trial court limited its consideration of attorney fees to the time period beginning in January 2000 and February 17, 2004. R.C. 3105.73 did not take effect until April 27, 2005. Appellant asserts the trial court should have relied upon R.C. 3105.18(H).
 {¶ 16} Recently, we had occasion to address and resolve this issue inCarter v. Carter, Franklin App. No. 05AP-745, 2006-Ohio-1206. In ¶ 13 of that opinion, we held:
 H.B. No. 36, Section 3, indicates the legislature intended the new statute [3105.73] to apply retroactively, as it provides that "Section 3105.18 of the Revised Code, as amended by this act, and section 3105.73 of the Revised Code, as enacted by this act, apply * * * if * * * [t]he action or proceeding is brought, or a notice of appeal in the action or proceedings is filed, prior to the effective date of this act, and the action or proceeding is pending in a trial or appellate court on the effective date of this act."
R.C. 3105.73 applies retroactively to cases pending at the time of its enactment. Issues were still pending in the trial court at the time R.C.3105.73 was effective. Accordingly, R.C. 3105.73 is the proper statute to apply in this case. Appellant's third assignment of error is overruled.
 {¶ 17} In the first assignment of error raised in case No. 06AP-684, appellant argues that the trial court erred in awarding attorney fees to appellee based in part upon appellant's conduct. In Hummer v.Hummer (Aug. 28, 1986), Franklin App. No. 86AP-293, we set forth a balancing test to be applied when determining attorney fees to be awarded in child support modification cases. Among the circumstances are the needs of the children and "the total amount of the attorney fees, the proportion of attorney fees caused by undue delay or resistance by either party in resolving the child-support issue." Id. at ¶ 7.
 {¶ 18} R.C. 3105.73(A) parallels the test we set out inHummer and codifies a series of factors to be examined by a trial court. The court should consider "the conduct of the parties, and any other relevant factors the court deems appropriate." A finding that the conduct of a party has caused undue delay is not dependent upon the party being formally sanctioned by a court for engaging in dilatory conduct. Here, the trial court reviewed the entire proceedings and found that appellant had caused undue delay and that his conduct of the proceedings required appellee to employ counsel for additional time spent in the matter. We cannot say that the trial court abused its discretion in making this finding and awarding attorney fees accordingly. The award falls within the parameters of R.C. 3105.73, and is not an abuse of the trial court's discretion. Appellant's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, appellant asserts that appellee failed to prove by competent, credible evidence that an award of attorney fees was reasonable. Appellant states that the reasonableness of the fees was not a matter for judicial notice. Although he does not directly argue that expert testimony is required to prove the reasonableness of attorney fees in a domestic case, that appears to be the basis for appellant's premise. We have held otherwise. "A trial court may evaluate the work performed by an attorney in a domestic-relations action * * * [and] * * * may use its own knowledge and experience to determine the reasonableness of the amount claimed."Groza-Vance v. Vance, 162 Ohio App.3d 510, 2005-Ohio-3815, at ¶ 44. See, also, Ward v. Ward (June 18, 1985), Franklin App. No. 85AP-61.
 {¶ 20} Testimony was presented on the nature and extent of the time expended and the fees charged for services by appellee's counsel. The trial court was free to use its own knowledge and experience in determining whether those charges were reasonable. Groza-Vance, supra. We have reviewed the evidence presented and find that the trial court's decision to award attorney fees is not contrary to law. Appellant's second assignment of error is overruled.
 {¶ 21} Based upon the foregoing, we overrule the first and second assignments of error in case No. 06AP-102 and overrule the first, second and third assignments of error in case No. 06AP-684. The judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, are affirmed.
Judgments affirmed.
BRYANT and FRENCH, JJ.
[1] The lack of a ruling on appellee's application for attorney fees that caused us to dismiss case No. 04AP-287 for want of a final appealable order was again an issue in case No. 06AP-102. When initially briefed and argued, case No. 06AP-102 had the same deficiency. The issue of attorney fees remained pending and therefore, the case lacked a final appealable order. Resolution of appellee's motion for attorney fees and appellant's subsequent appeal in case No. 06AP-684 provided the final judgment necessary to decide these consolidated appeals.
[2] There is no indication that appellant followed the statutory procedure for removal of a trial judge.