OPINION
{¶ 1} Defendant-appellant, Eric David Day ("appellant"), appeals from the judgment entry/decree of divorce issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, on February 15, 2008.
 {¶ 2} Appellant and plaintiff-appellee, Sandra Marlene Day ("appellee"), were married on February 23, 1986. No children were born as issue of said marriage, but both parties have adult children from prior relationships. Appellee filed a complaint for divorce on May 10, 2005. Thereafter, appellant filed an answer and counterclaim for divorce. A trial was held in this matter on October 12, October 15, and October 16, 2007. The trial court issued a judgment entry/decree of divorce on February 15, 2008. An amended *Page 2 
decree was filed on March 3, 2008. Both parties filed motions for findings of fact and conclusions of law, which the trial court denied on April 25, 2008. Specifically, the trial court found appellant's motion was untimely and that additional findings and conclusions were unnecessary. Appellant appealed and brings the following seven assignments of error for our review:
 [1.] The Trial Court Erred in Awarding Appellee Spousal Support.
 [2.] The Trial Court Erred in Failing to Give Appellant Credit for the Inequality in Household Goods and Furnishings.
 [3.] The Trial Court Erred in Awarding Appellee $5400.00 for Powers Investigation.
 [4.] The Trial Court Erred in Failing to Award Appellant a Greater Portion of the Marital Assets Based Upon Appellee's Financial Misconduct.
 [5.] The Trial Court Erred in Failing to Award Attorney Fees for Appellee's Misconduct Which Caused Protracted Litigation.
 [6.] The Trial Court Erred in Failing to Award Attorney Fees Based Upon Appellee's Financial Misconduct.
 [7.] The Trial Court Erred in Failing to Award Appellant Attorney Fees for Appellee's Issuance of a Rule 45 Subpoena.
 {¶ 3} In his first assignment of error, appellant contends the trial court erred in awarding spousal support to appellee. R.C. 3105.18(B) provides that, upon the request of either party, the trial court may award spousal support to that party. R.C. 3105.18(C) provides that the trial court shall consider the following factors in regard to such an award:
 (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable *Page 3 
either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; *Page 4 
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 (2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.
 {¶ 4} A trial court has broad discretion to determine the proper amount of spousal support based on the particular facts and circumstances of each case. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67. Stated alternatively, a trial court's award of spousal support will not be disturbed absent an abuse of discretion. Id. "The trial court is not required to comment on each statutory factor. Rather, the record need only show the court considered them in making its award."McClung v. McClung, Franklin App. No. 03AP-156, 2004-Ohio-240, at ¶ 21. "When a trial court specifically indicates that it has reviewed the appropriate statutory factors, there is a strong presumption that the factors were indeed considered." Id. at ¶ 26, citing Huffman v.Huffman, Franklin App. No. 01AP-726, 2002-Ohio-2565, at ¶ 25.
 {¶ 5} In support of this assigned error, appellant contends the trial court did not account for his "erratic" income, his payment of self-employment taxes, appellee's health insurance costs, taxes, appellant's IRA withdrawal, and the parties' Buick Rendezvous.
 {¶ 6} By way of background, we note the parties began divorce proceedings in May 2005. In August 2005, a magistrate issued temporary orders requiring, in part, appellant to pay appellee temporary spousal support in the amount of $750 per month upon appellee's separation from the residence. Appellant did not object to the magistrate's decision regarding temporary orders. On August 15, 2006, appellee filed a *Page 5 
contempt motion for appellant's alleged failure to pay spousal support after appellee vacated the residence in June 2006. On October 25, 2006, after appellee filed her motion for contempt, appellant filed a motion for a Civ. R. 75 hearing on the magistrate's August 5, 2005 temporary orders. Subsequently, appellant dismissed said motion. At trial, appellee sought spousal support in an amount between $2,000 and $2,500 per month, while appellant asked the trial court not to order spousal support in this case.
 {¶ 7} In its 22-page judgment entry/decree of divorce, the trial court expressly stated that it considered all of the factors of R.C. 3105.17(C)(1). After such consideration, the trial court found that appellant should pay spousal support to appellee and ordered appellant to pay appellee $500 per month for 84 months as spousal support. The court, in considering the statutory factors, expressly referenced appellant's payment of self-employment taxes and that his income was entirely based on commissions. While the trial court did not specifically discuss each item referenced by appellant, we note that the trial court is not required to do so. What is required is that the record demonstrate the trial court considered the requisite statutory spousal support factors in making its award. McClung, supra. Indeed, the trial court made factual findings with respect to each statutory factor and concluded that, based on the length of the marriage and its requisite findings, it was equitable that appellant pay spousal support to appellee in an amount that is less than that awarded under the temporary orders. The trial court recognized the potential need for this amount to be revisited in the future as it indicated spousal support is modifiable as to its amount. Additionally, the trial court allowed for appellant to pay appellee directly so as to avoid the two percent administrative fee. *Page 6 
 {¶ 8} Upon review of the record, we do not find the trial court's analysis is lacking or that the trial court abused its discretion in its award of spousal support. Accordingly, we overrule appellant's first assignment of error.
 {¶ 9} In his second assignment of error, appellant contends the trial court erred in failing to credit him for the unequal division of household goods and furnishings. According to appellant, appellee took all the household goods and furnishings, and he was, therefore, entitled to the $3,925 for which he asked.
 {¶ 10} A trial court has broad discretion in making divisions of property in domestic cases. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, citing Berish v. Berish (1982), 69 Ohio St.2d 318. In order to make an equitable division of property, pursuant to R.C. 3105.171(G), a trial court should first determine the value of marital assets. Eisler v. Eisler (1985), 24 Ohio App.3d 151, 152. In performing this function, the court has broad discretion to develop some measure of value. Berish, supra, at 318. A flat rule to determine the value of assets cannot be established as equity depends on the totality of the circumstances. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222. When determining the value of marital assets, a trial court is not confined to the use of a particular valuation method, but can make its own determination as to valuation based on the evidence presented. James v.James (1995), 101 Ohio App.3d 668, 681. A trial court's valuation of marital property will not be reversed absent an abuse of discretion. Id.
 {¶ 11} As indicated, valuation of marital assets is typically a factual issue that is left to the discretion of the trial court.Berish, supra, at 319. Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct since the trial judge is best able to view the witnesses and observe their demeanor, gestures and *Page 7 
voice inflections, and use his/her observations in weighing the credibility of the proffered testimony. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 138, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 12} Here, the trial court awarded each party the "household goods and property in his/her possession, with no offset against other assets." (Judgment Entry/Decree of Divorce, at 8.) In fashioning this award, the trial court considered appellant's testimony that appellee received $11,433 worth of the $15,016 in household furnishings, while appellant received only $3,583 worth. However, appellee testified that in addition to the household furniture, appellant kept his office furniture worth $4,500 and guns worth $800. Additionally, appellee testified she received only $2,700 more in household furnishings, rather than the $3,925 argued by appellant. Clearly, the trial court was presented with conflicting testimony regarding the valuation of household property and how much each party received. As finder of fact, the trial court was in the best position to observe the witnesses and determine their credibility. Bowman v. Bowman (Nov. 21, 1996), Franklin App. No. 96APF02-229, citing Seasons Coal Co., supra. We give due deference to the finder of fact's assessment of credibility and weight of the evidence presented by the parties.
 {¶ 13} Upon review, we find no error in the trial court's resolution of credibility and no abuse of discretion in its division and valuation of household goods and furnishings. Accordingly, we overrule appellant's second assignment of error.
 {¶ 14} In his third assignment of error, appellant contends the trial court erred in awarding appellee $5,400 for Powers Investigation. Under this assigned error, appellant does not take issue with the trial court's finding that appellee was justified in hiring an *Page 8 
investigator but, rather, appellant takes issue with the amount awarded. According to appellant, though appellee testified she paid Powers Investigation $5,400 in June 2005 to conduct an asset search, appellee produced only a credit card receipt reflecting a $2,720.79 payment to Powers Investigation on April 29, 2005. Because there is no documentation to support appellee's alleged $5,400 expenditure to Powers Investigation, appellee contends the following: (1) the $5,400 award is a clerical error as the trial court intended to award only $2,720.79; and (2) the $5,400 award is not supported by competent, credible evidence.
 {¶ 15} At trial, appellee testified she borrowed $8,000 on the parties' joint Key Bank Visa, and of that sum she paid $5,400 in cash to Powers Investigation. Appellee explained she also paid $2,720.79 to Powers Investigation for which she provided a credit card receipt reflecting such. On cross-examination, appellee discussed the invoice she received from Powers Investigation showing $5,400 and stating that such amount was "paid in full." According to appellee, she asked Powers Investigation for a receipt showing the $5,400 payment, and the invoice, prepared by Powers Investigation, is what she received. It appears to this court, appellee testified to and had documents from Powers Investigation showing a total amount of costs of $8,121. While appellant attempted to call into question the veracity of appellee's documentation and performed a relatively extensive cross-examination of appellee on this issue, it appears the trial court chose to resolve credibility issues in favor of appellee. Thus, to the extent appellant suggests the $5,400 is a clerical error, and the trial court intended to award only $2,721 in investigatory fees, we are unable to make such a conclusion. Further, we are not able to find that there is no competent, credible evidence to support the trial court's finding that *Page 9 
appellee incurred $5,400 in fees from Powers Investigation. Accordingly, we overrule appellant's third assignment of error.
 {¶ 16} In his fourth assignment of error, appellant contends the trial court erred in failing to award him a greater portion of the marital assets based on appellee's financial misconduct. Pursuant to R.C. 3105.171(E)(3), "[i]f a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."
 {¶ 17} As the inclusion of the term "may" in R.C. 3105.171(E)(3) indicates, the decision regarding whether to compensate a party for the financial misconduct of the opposing party is discretionary with the trial court. Schaefer v. Schaefer, Stark App. No. 2007CA00283,2008-Ohio-3960, ¶ 58-59, citing Leister v. Leister (Oct. 23, 1998), Delaware App. No. 97CA-F-07027; see, also, Galloway v. Kahn, Franklin App. No. 06AP-140, 2006-Ohio-6637. Therefore, a trial court's decision on this issue will not be reversed on appeal absent a showing of an abuse of discretion; i.e., a showing that the trial court's decision is arbitrary, unreasonable or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 18} With respect to financial misconduct, the trial court stated, in relevant part:
 * * * The Court finds Mr. Day's allegations more persuasive. The Court will hold Mrs. Day accountable in the division of assets and debts, for the money she alone had the use of. She withdrew the money immediately prior to confronting Eric about his affair and filing for divorce, and dissipated assets without Eric's knowledge or permission, although she believed she was justified because she feared he would hide assets because he told her he did so during his first divorce. *Page 10 
(Judgment Entry/Decree of Divorce, at 19.)
 {¶ 19} The trial court found appellee obtained a total of $40,750, comprised of amounts that were either withdrawn or borrowed from various joint sources on May 6 and May 13, 2005. The trial court found that $20,375 should be returned to appellant. Appellant contends this is insufficient, and the trial court should have awarded him a greater portion of the marital assets, including his IRA and Metlife pension benefits.
 {¶ 20} We reiterate that "the General Assembly's use of the term `may' in R.C. 3105.171(E)(3) indicates the court has discretion to determine whether to compensate a party for the financial misconduct of the opposing party." Galloway, supra, at ¶ 30, citing Petersen v.Petersen, Ashland App. No. 02COA059, 2003-Ohio-4189, at ¶ 46. Thus, despite appellant's assertion to the contrary, the trial court was not required to award him additional assets even if it determined appellee engaged in financial misconduct. Moreover, the monies at issue were marital property unilaterally withdrawn by appellee prior to the commencement of divorce proceedings. Though there was no restraining order prohibiting appellee from taking such action, the trial court found that because of the large monetary amounts and the proximity to commencement of the proceedings, appellee's actions constituted financial misconduct. In accordance with such findings, the trial court ordered appellee to return to appellant half of the monies she withdrew. Thus, appellant received the money to which he was entitled. Under these circumstances, we find no abuse of discretion in the trial court's division of marital assets or its consideration of appellee's financial misconduct. Accordingly, we overrule Appellant's fourth assignment of error. *Page 11 
 {¶ 21} Because they are interrelated, we will address appellant's fifth and sixth assignments of error together. In these assigned errors, appellant contends the trial court erred in failing to award him attorney fees for appellee's actions, which prolonged this litigation, and for appellee's financial misconduct. According to appellant, appellee caused this matter to be prolonged by engaging in "conduct that was calculated to drag out the litigation and destroy appellant's future." (Appellant's brief at 22.)
 {¶ 22} R.C. 3105.73(A) provides, in pertinent part:
 In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.
 {¶ 23} A party seeking an award of fees in a divorce action bears the burden of proving the reasonableness of the fees sought. McCord v.McCord, Franklin App. No. 06AP-102, 2007-Ohio-164, at ¶ 14, citingSwanson v. Swanson (1976), 48 Ohio App.2d 85. Any subsequent award of attorney's fees lies within the sound discretion of the trial court.Rand v. Rand (1985), 18 Ohio St.3d 356, 359. Therefore, we may reverse the trial court's decision only upon a showing that the court abused its discretion and acted unreasonably, arbitrarily or unconscionably.Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371.
 {¶ 24} Appellee testified her attorney fees were $72,000, and appellant testified his attorney fees were over $31,553. The trial court ordered each party responsible for his or her own attorney fees. Appellant, however, contends he was forced to respond to *Page 12 
multiple pretrial motions filed by appellee and that appellee committed several acts of contempt for which she was not held accountable. It is significant to note that while the trial court found "the attorneys fees seem disproportionate to the total assets in the case," the trial court did not find this was due specifically to one party's actions. (Judgment Entry/Decree of Divorce, at 20.) Upon review of the fairly voluminous record, we find various pretrial motions filed by both parties, including contempt motions filed against appellant, and nothing to indicate this matter was prolonged solely because of appellee's actions. As such, we find no error in the trial court's analysis or conclusions regarding appellant's request for attorney fees. As required by R.C. 3105.73, the trial court considered whether an award of attorney's fees to either party would be equitable, and after consideration concluded that it would not. Other than being dissatisfied with the trial court's ruling, appellant does not direct us to, nor do we find, an abuse of discretion in the trial court's determination. Heyman v. Heyman, Franklin App. No. 05AP-475, 2006-Ohio-1345. Accordingly, we overrule appellant's fifth and sixth assignments of error.
 {¶ 25} In his seventh assignment of error, appellant contends the trial court erred in failing to award appellant attorney fees for appellee's issuance of a Civ. R. 45 subpoena.
 {¶ 26} On September 24, 2007, just days prior to the October 6, 2007 trial, appellee caused to be served on appellant a Civ. R. 45 subpoena listing 16 items to be produced at trial. According to appellant, many were repeat requests with which there had already been compliance. Appellant contends the trial court ruled from the bench that Civ. R. 34 was controlling and the Civ. R. 45 subpoena was improper, but the trial court failed to specifically address appellant's request for attorney fees. Appellant asserts *Page 13 
that in addressing the subpoena, he incurred $2,077.50 in attorney fees for which he is entitled to recover under R.C. 2323.51, which allows a trial court to award attorney fees to a party adversely affected by frivolous conduct.
 {¶ 27} This matter arose at trial as follows. During the cross-examination of appellant, appellee's counsel inquired as to whether appellant brought documents in response to the subpoena at issue. At this time, appellant's counsel objected and made his argument as to why the use of Civ. R. 45 was inappropriate. At the conclusion of his argument, the trial court stated:
 That would make sense. Otherwise we would wait until the night before the trial and ask for things. And the whole purpose of discovery with parties is to get done beforehand. So I think I would agree with that interpretation.
(Tr. at 30.)
 {¶ 28} Civ. R. 45(C)(1) requires any party or attorney who causes the issuance of a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." If a party or attorney breaches this duty, "[t]he court from which a subpoena was issued may impose * * * an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees." Civ. R. 45(E).
 {¶ 29} We note initially that even if there is a finding that a party or attorney imposed undue burden or expense on a person subject to a subpoena, it is entirely discretionary as to whether a sanction, such as attorney fees, should be imposed. While the trial court stated it agreed with appellant's interpretation of Civ. R. 45, the trial court didnot find appellee's, or her counsel's, conduct was frivolous or amounted to a breach of the duty imposed by Civ. R. 45. Without these findings, there is no basis upon which to award *Page 14 
attorney fees. The trial court heard appellant's objection and agreed with his interpretation of the law, but there is no evidence in the record to establish appellee's conduct in issuing the subpoena at issue amounted to frivolous conduct or imposed an undue burden on appellant. As such, we cannot find the trial court abused its discretion in declining to award attorney fees and, consequently, overrule appellant's seventh assignment of error. {¶ 30} For the foregoing reasons, appellant's seven assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.
Judgment affirmed.
 FRENCH, P.J., and KLATT, J., concur. *Page 1