OPINION *Page 2 
{¶ 1} Plaintiff John D. Suglio appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which ordered him to pay $4,875.00 in attorney fees to defendant Brenda K. Suglio, his ex-wife. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED APPELLEE ATTORNEY'S FEES."
 {¶ 3} The record indicates the parties were divorced in April 2002, and at the time the court set appellant's child support obligation at $1,125.00 per month for each of the parties' two minor children, and $4,000.00 per month as spousal support. Appellee has since remarried, which reduced appellant's spousal support obligation to $1,000.00 per month. In addition, the older of the two children graduated high school in June, 2006, having previously reached the age of 18. Appellee moved the court to modify appellant's child support obligation, arguing appellant had considerably more money available to him because of the large reduction in spousal support, and the end of the child support obligation for the older child. Appellant also alleged the younger child has chronic health problems and had lost approximately 90 pounds, which required appellee to purchase four complete sets of clothing for him in one year.
 {¶ 4} Appellee's motion to modify also alleged appellant had manipulated his corporate tax return to artificially lower his income. Both parties presented expert testimony regarding appellant's accounting procedures.
 {¶ 5} Pursuant to R.C.3119.04, if the parties' combined gross income is greater than $150,000, the court shall determine the amount of the obligor's child support *Page 3 
obligation on a case by case basis, considering the needs and the standard of living of the children. The magistrate found this means a change of income or ability to pay child support in and of itself is not a basis to increase the support. The magistrate found appellee's reduction in income was due to the emancipation of the older child and her remarriage, and both these events had been anticipated. The court found appellee had not demonstrated the minor child has had a reduction in lifestyle, and had not demonstrated a need for increased child support.
 {¶ 6} Although the court overruled the motion to modify appellant's child support obligation, the court found appellant had engaged in egregious acts, which caused appellee to incur excessive fees.
 {¶ 7} Our standard of reviewing a domestic relations court's decision to award attorney fees is reviewed under the abuse of discretion standard, Bawa v. Bawa, Delaware App. No. 2005CAF070046, 2006-Ohio-2522. In Bawa, this court cited R.C.3105.73, which provides in any post-decree motion or proceeding rising out of an action for divorce, the trial court may award all or part of reasonable attorney fees and litigation expenses to either party if the court finds the award is equitable, considering the parties' income, their conduct, and any other relevant factor the court deems appropriate. Bawa at paragraph 139. This court further found the award of fees lies within the sound discretion of the court, Bawa at 142 citing Rand v. Rand (1985), 18 Ohio St. 3d 356, 481
N.E.2d 609. The Supreme Court has repeatedly defined the term "abuse of discretion" as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. *Page 4 
 {¶ 8} Appellant argues appellee was not the prevailing party because the court overruled her motion to increase appellant's child support obligation, and thus the court should not have awarded her attorney fees.
 {¶ 9} R.C.3105.73 permit the court to award attorney fees to either party, if it determines such an award is equitable considering, inter alia, the parties' conduct. Here the magistrate specifically found appellant's actions were egregious, and caused appellee to incur excessive fees. Based upon these findings, and on the record before us, this court cannot say the trial court abused its discretion in finding it appropriate to award appellee attorney fees.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1