DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jeffrey Nunnari, appeals from a judgment of divorce entered in the Lucas County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On August 17, 2004, appellant filed a complaint for divorce against appellee, Patricia A. Paul. Appellee answered and counterclaimed for divorce. She also sought custody of the couple's minor child.
 {¶ 3} On December 22, 2004, a magistrate issued an order pursuant to Civ.R. 75(N) designating appellee the temporary residential parent and legal custodian of the couple's minor child and ordered appellant to pay guideline child support. On August 11, 2006, the trial court filed a judgment entry of divorce. Appellant now appeals setting forth the following assignment of error:
 {¶ 4} "I. The trial court erred to the prejudice of appellant by issuing a temporary order allocating parental rights and responsibilities and ordering guideline child support, as the parties continued to reside together at the time the order was issued and thereafter: accordingly, there was no factual or legal basis for the order; alternatively, the trial court abused its discretion by not allowing for a deviation from the guideline support amount, and it erred in failing to grant an oral hearing with respect to the order."
 {¶ 5} Appellant contends that the court lacked authority to issue a temporary custody and support order because appellant and appellee were living together at the time the order was issued. Appellant distinguishes between R.C. 3103 which refers to "married" persons and R.C. 3109 which refers to husbands and wives "living separate and apart from each other." Appellant contends that because he and his wife were living together, his support obligations arose under the authority of R.C. 3103.
 {¶ 6} R.C. 3103.03 which states in pertinent part: *Page 3 
 {¶ 7} "(A) Each married person must support the person's self and spouse out of the person's property or by the person's labor. If a married person is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able. The biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor."
 {¶ 8} Appellant also cites, R.C. 2111.08, a guardian statute which states:
 {¶ 9} "The wife and husband are the joint natural guardians of their minor children * * *" If the wife and husband live apart, the court may award the guardianship of a minor to either parent * * *"
 {¶ 10} Appellant also cites in support, R.C. 3109.03, a statute addressing the equality of parental rights and responsibilities, which states in pertinent part"
 {¶ 11} "When husband and wife are living separate and apart from each other, or are divorced, and the question as to the parental rights and responsibilities for the care of their children and their place of residence and legal custodian of their children is brought before a court of competent jurisdiction, they shall stand upon an equality as to the parental rights and responsibilities for the care of their children and the place of residence and legal custodian of their children, so far as parenthood is involved."
 {¶ 12} Appellant essentially contends that these statutes show that a couple must be living separate and apart before the court may issue any orders regarding temporary custody and support. We note, however, that none of the above statutes dictate that a couple must be living separate and apart. Rather, R.C. 2111.08, through the use of the *Page 4 
word "[I]f" and R.C. 3109.03 through the use of the word "when" address themselves to particular situations. Moreover, R.C. 3109.03 speaks to the status of the parties before the court who happen to be living separate and apart, not their custodial and financial obligations.
 {¶ 13} We find that the authority to award temporary custody and support lays in R.C. 3109.04(A) which states:
 {¶ 14} "In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents and considering any mediation report filed pursuant to section 3109.052 of the Revised Code and in accordance with sections 3127.01 to 3127.53 of the Revised Code, the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage."
 {¶ 15} This statute refers to "any divorce proceeding" and makes no mention of the parties' living arrangements. Thus, the temporary order in this case issued during the pendency of the parties' divorce was valid.
 {¶ 16} Furthermore, it is well-settled that "[a]n agreed judgment entry is a contract that is reduced to judgment by a court." Sovak v.Spivey, 155 Ohio App.3d 479, 2003-Ohio-6717, ¶ 25, citing Spercel v.Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, 39, see alsoNajarian v. Kreutz (Aug. 31, 2001), 6th Dist. No L-00-1302, ("Where the parties to a divorce * * * enter into settlement through an agreed judgment entry, the law of contract applies") (citation omitted). Thus, an agreed judgment entry is subject to the *Page 5 
same rules of construction as a contract, in which common, unambiguous words will be given their ordinary meaning, unless some other meaning is clearly suggested from the face or overall contents of the agreement.Ronyak v. Ronyak, 11th Dist. No. 2001-G-2383, 2002-Ohio-6698, ¶ 10 (citation omitted).
 {¶ 17} The divorce decree in this case states in pertinent part:
 {¶ 18} "The court * * * finds that the parties have reached an agreement as to all matters relating to the allocation of parental rights, child and spousal support, division of real and personal property, allocation of debt and all other matters before this court * * *."
 {¶ 19} Appellant approved of the divorce decree as indicated by his signature. It is axiomatic that a party may not appeal a judgment to which it has agreed. Jackson v. Jackson (1865), 16 Ohio St. 163, syllabus paragraph one; In re Annexation of Riveredge Twp. to FairviewPark (1988), 46 Ohio App.3d 29, 31-32. Appellant's sole assignment of error is found not well-taken.
 {¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. CONCUR. *Page 1