OPINION
{¶ 1} Defendant-Appellant, Carlos Fabre, M.D., appeals the August 6, 2007 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, overruling Appellant's objections to the March 20, 2007 magistrate's decision.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellant and Appellee, Yadira Fabre, were married on July 4, 1971. In 1996, Appellee filed a complaint for divorce. After a trial on the complaint, the trial court issued the Final Divorce Decree and Judgment Entry on March 5, 1998. The trial court held in its decree the following regarding spousal support:
 {¶ 3} "6. The Defendant shall pay by wage withholding through the Child Support Enforcement Agency to the Plaintiff as and for spousal support, the sum of ten thousand dollars ($10,000.00) per month plus poundage for a period of one hundred and two (102) months effective March 1, 1998. This spousal support order shall continue subject to the standard conditions of death, remarriage or cohabitation of the Obligee. Further, the Court reserves jurisdiction in this matter."
 {¶ 4} On July 20, 2001, Appellee filed a Motion for Contempt against Appellant for non-payment of spousal support. Appellant filed a Motion to Reduce or Terminate Spousal Support on September 20, 2001. Appellant argued that his income had been substantially reduced from the level it was at the time of the divorce. He could not meet his support obligations and continue to provide for himself. The matter came on for hearing on January 8, 2002. Pursuant to the judgment entry issued by the trial court on January 8, 2002, the parties arrived at a settlement. In the judgment entry signed by *Page 3 
counsel for both parties and the judge, Appellee withdrew and dismissed her Motion for Contempt and the parties agreed to the following:
 {¶ 5} "B) By agreement, Defendant's obligation to pay spousal support to Plaintiff is modified commencing 3/1/02 and continuing for 12 consecutive months thereafter to the sum of five thousand dollars ($5,000.00) per month, plus poundage. At the end of the said 12 month period, the amount of Defendant's spousal support shall be subject to review and modification by the Court. Plaintiff reserves the right to request that the amount of this reduction be added to the end of the term of the spousal support order contained in the Final Decree of Divorce.
 {¶ 6} "C) Arrearages of Defendant if any shall not merge in this Judgment Entry."
 {¶ 7} On February 24, 2003, Appellee filed a Motion and Affidavit for Reinstatement of Spousal Support Order. Appellee dismissed the motion without prejudice on August 14, 2003.
 {¶ 8} Appellant filed a Notice of Termination of Spousal Support on September 12, 2006. He notified the trial court that spousal support originally ordered in the Final Divorce Decree was to terminate on September 30, 2006. Appellant stated that he was current in his spousal support and requested the trial court terminate the wage assignments as well as any further obligation to pay spousal support. Appellee filed her Motion for Modification of Spousal Support on September 27, 2006. She requested the trial court extend Appellant's spousal support obligations for an additional 54 months, so as to enable her to recoup the agreed spousal support reduction granted to Appellant on January 8, 2002. *Page 4 
 {¶ 9} The matter came on for hearing before the magistrate on February 26, 2007. The magistrate issued his recommendation on March 20, 2007 that Appellee was owed $245,595.00 in spousal support ordered in the March 5, 1998 Final Divorce Decree and deferred by the judgment entry of January 8, 2002. He concluded Appellant was financially able to resume paying spousal support at the original rate of $10,000.00 per month, so therefore the $245,595.00 should be paid at the rate of $10,000 per month until fully paid. The magistrate further concluded that because of the January 8, 2002 agreement, Appellant had five years of reduced spousal support and Appellee dissipated her retirement account in the amount of $149,878.00. Appellant was then ordered to pay 30 additional months of spousal support at $10,000.00 per month.
 {¶ 10} Appellant filed objections to the magistrate's decision on April 2, 2007. The matter came before the trial court on May 21, 2007. The trial court overruled Appellant's motion and adopted the magistrate's decision. It is from this judgment Appellant now appeals.
 {¶ 11} Appellant raises three Assignments of Error:
 {¶ 12} "I. THE MAGISTRATE ABUSED HIS DISCRETION WHERE HE MADE A FINDING THAT ARREARAGES IN THE AMOUNT OF $245,595.00 WERE OWED TO THE APPELLEE.
 {¶ 13} "II. THE MAGISTRATE ERRED IN INCREASING THE TERM OF THE SPOUSAL SUPPORT BEYOND THE 102 MONTHS SET FORTH IN THE FINAL DECREE OF DIVORCE. *Page 5 
 {¶ 14} "III. THE MAGISTRATE ABUSED HIS DISCRETION IN FAILING TO RECOGNIZE ALL OF THE FACTORS AS SET FORTH IN OHIO REVISED CODE SECTION 3105.18(C)."
 I., II. {¶ 15} Appellant argues in his first and second Assignments of Error the trial court erred in its conclusions regarding the terms of the January 8, 2002 judgment entry. We disagree.
 {¶ 16} As a general matter, an award of spousal support will be reversed on appeal only if an abuse of discretion is shown. Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178, 181. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary or capricious. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} Appellant argues the trial court incorrectly modified the spousal support because Appellee did not meet the requirements of R.C. 3105.18(E). A trial court may modify the amount or terms of spousal support if the court determines that the circumstances of either party have changed. R.C. 3105.18(E). Appellant argues that Appellee failed to establish that her need for spousal support should continue beyond the 102 months stated in the Final Divorce Decree.
 {¶ 18} The matter at issue in the present case is the interpretation of the January 8, 2002 judgment entry. The January 8, 2002 judgment entry was an agreed judgment entry, signed by counsel for both parties and the judge. As such, "an agreed judgment entry is subject to the same rules of construction as a contract, in which common, unambiguous words will be given their ordinary meaning, unless some other meaning is *Page 6 
clearly suggested from the face or overall contents of the agreement."Schwenker v. Schwenker, 6th Dist. No. L-07-1398, ¶ 18, citing Dvorak v. Petronzio, 11th Dist. No. 2007-G2752, 2007-Ohio-4957, ¶ 18.
 {¶ 19} Because the contested issue is based upon an agreed judgment entry under which the rules of contract construction apply, the trial court was not required to determine whether there was a change of circumstances pursuant to the requirements of R.C. 3105.18(E) when it ruled upon the spousal support. It was required to interpret the provisions of the January 8, 2002 agreed judgment entry according to the common, ordinary and unambiguous meanings of the terms in making its decision whether to extend the term of spousal support.
 {¶ 20} The provisions of the January 8, 2002 agreed judgment entry state, "[a]t the end of the said 12 month period, the amount of Defendant's spousal support shall be subject to review and modification by the Court. Plaintiff reserves the right to request that the amount of this reduction be added to the end of the term of the spousal support order contained in the Final Decree of Divorce." Upon the terms of the January 8, 2002 agreed judgment entry and based upon the evidence in the record, we cannot find the trial court abused its discretion in awarding Appellee $245,595.00 for support owed and extending spousal support for 30 months due to the January 8, 2002 agreed judgment.
 {¶ 21} Accordingly, Appellant's first and second Assignments of Error are overruled. *Page 7 
 III. {¶ 22} Appellant argues in his third Assignment of Error that the magistrate abused his discretion because he failed to recognize all the factors set forth in R.C. 3105.18(C) when he applied the terms of the January 2, 2008 agreed judgment entry.
 {¶ 23} Trial courts must consider all of the factors listed in R.C. 3105.18(C), however, this Court has previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume the evidence was not considered. Clendening v. Clendening, Stark App. No. 2005CA00086,2005-Ohio-6298, at ¶ 16, citing Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649. The trial court must only set forth sufficient detail to enable a reviewing court to determine the appropriateness of the award. Id., citing Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 518 N.E.2d 1197.
 {¶ 24} We find the magistrate's decision includes sufficient information regarding the fourteen "(18)(C)" factors to enable us to assess the award was fair, equitable and in accordance with the law. Further, as we stated above, the award was based upon the contractual interpretation of the January 8, 2002 agreed judgment entry. As such, Appellant's third Assignment of Error is overruled. *Page 8 
 {¶ 25} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
 Delaney, J., Hoffman, P.J., and Wise, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to Appellant. *Page 1