OPINION
{¶ 1} Petitioner-appellant/cross-appellee, Doreen K. Padgett (nka Stupski) and petitioner-appellee/cross-appellant, Kenneth M. Padgett, appeal from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, ordering Doreen to pay Kenneth attorney fees in the amount of $35,134.64 and to reimburse him *Page 2 
for travel expenses in the amount of $3,888. Because the trial court (1) acted within its discretion in awarding attorney fees, (2) erred in awarding travel reimbursement to Kenneth, and (3) acted within its discretion in not reallocating the guardian ad litem fees per Kenneth's request, we affirm in part and reverse in part.
 {¶ 2} The parties were married on August 25, 1992; their daughter was born on January 4, 2000. A dissolution decree filed on April 23, 2002 terminated the marriage. Less than one year later both parties filed motions seeking modification of child support, modification of parental rights and responsibilities, and contempt findings against the other. Considerable procedural wrangling ensued, including the appointment of three different guardians ad litem. Both parties filed numerous additional motions; each requested, and received, several continuances. In addition, both parties underwent psychological examinations.
 {¶ 3} While the various motions were pending, Doreen moved with the parties' child to Arizona. In an attempt to prevent her from taking the child out of state, Kenneth filed a motion for a temporary restraining order, which initially was granted but later vacated. Doreen maintained that a work-related transfer necessitated the move, a contention Kenneth vigorously denied. Adding to the procedural complexity, Doreen filed an appeal to this court when the trial judge issued a capias for her arrest following her failure to appear for a hearing; Doreen later voluntarily dismissed the appeal.
 {¶ 4} Trial on this matter initially was held while Doreen lived in Arizona. After remarrying, she moved back to Ohio and filed a motion for a new trial, which was granted. After several additional days of trial, the parties settled the pending motions, filing on June 20, 2006 an Agreed Judgment Entry Reallocating Parental Rights and *Page 3 
Responsibilities, but leaving unresolved the issue of attorney fees. The single issue was submitted to the magistrate based on the evidence presented at trial. The magistrate ordered Doreen to pay Kenneth $35,447.77 in attorney fees and litigation expenses by making monthly installments of $1,000. The magistrate's decision further provided that the award was in the nature of child support and thus not dischargeable in bankruptcy. The trial court adopted the decision, subject to objection allowed under Civ. R. 53.
 {¶ 5} Both parties filed objections to the magistrate's decision. The trial court overruled the objections, but adjusted the attorney fee award to $35,134.64 to correct a calculation error in the magistrate's decision. The court also ordered Doreen to reimburse Kenneth $3,888 for travel expenses.
 {¶ 6} Doreen appeals, assigning seven errors:
 I. The Court erred in failing to properly follow Ohio Rev. Code § 3105.73(B) in determining whether an award of attorney fees is equitable.
 II. The Court erred in ordering an award of attorney fees because the Cross-Appellant sought to discharge his attorney fees in a bankruptcy proceeding.
 III. The Court erred in ordering travel expenses paid by Cross-Appellant to be paid by Appellant as Cross-Appellant discharged said fees in a bankruptcy proceeding.
 IV. The Court erred in ordering the Appellant to pay the travel expenses of the Cross-Appellant as the payment of these expenses was settled in the overall settlement reached by the parties and was never properly before the Court.
 V. The Court erred as a matter of law in not considering all the factors of Hummer v. Hummer (August 28, 1986), Franklin App. 86-AP-293, 1986 WL 9532. *Page 4 
 VI. The Court erred in failing to properly follow Ohio Rev. Code § 3105.73(B) in considering the conduct of Appellant that was beyond her litigation conduct.
 VII. The Court erred when it made various findings which determined Appellant's "conduct" underlying the action to justify this award as equitable as such findings are against the manifest weight of the evidence.
 {¶ 7} Kenneth cross-appeals, assigning four errors:
 ASSIGNMENT OF ERROR NO. 1
 IT WAS REVERSIBLE ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FAIL TO AWARD [KENNETH] ALL OF HIS ATTORNEYS' FEES.
 ASSIGNMENT OF ERROR NO. 2
 IT WAS REVERSIBLE ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FAIL TO MAKE A LUMP SUM ATTORNEYS' FEES AWARD.
 ASSIGNMENT OF ERROR NO. 3
 IT WAS ERROR AS A MATTER OF LAW AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FAIL TO AWARD INTEREST ON THE ATTORNEYS' FEES AWARD.
 ASSIGNMENT OF ERROR NO. 4
 IT WAS REVERSIBLE ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FAIL TO REALLOCATE THE GUARDIAN AD LITEM'S FEES AND MAKE APPELLANT RESPONSIBLE FOR SAME.
 {¶ 8} For ease of discussion, we address Doreen's assignments of error out of sequence. Doreen's assignments of error collectively raise two issues: (1) whether the trial court improperly awarded Kenneth attorney fees, and (2) whether the trial court improperly awarded Kenneth travel expenses. Kenneth's cross-assignments of error ask us to examine (1) whether the trial court erred in awarding Kenneth only half of the *Page 5 
attorney fees he requested, (2) whether the court erred in failing to require Doreen to make a lump sum payment, or alternatively, pay interest on the installment payments, and (3) whether the guardian ad litem fees should have been assessed against Doreen.
I. Doreen's Assignments of Error A. Attorney Fees
 {¶ 9} In a four-part argument, Doreen asserts the trial court abused its discretion in awarding Kenneth attorney fees because the court (1) failed to apply the factors enumerated in this court's decision inHummer v. Hummer (Aug. 28, 1986), Franklin App. No. 86AP-293, (2) improperly applied R.C. 3105.73(B), (3) relied upon factual findings that the manifest weight of the evidence does not support, and (4) failed to recognize Kenneth sought to discharge the fees when he filed for bankruptcy. The decision whether to award attorney fees rests in the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. Moore v. Moore, 175 Ohio App.3d 1,2008-Ohio-255, at ¶ 81, citing Layne v. Layne (1992),83 Ohio App.3d 559, 568; Birath v. Birath (1988), 53 Ohio App.3d 31, 39.
 {¶ 10} Effective April 27, 2005, R.C. 3105.73(B) governs an award of attorney fees in a post-decree proceeding. R.C. 3105.73(B) allows a court, in determining whether an award of attorney fees is equitable, to consider the parties' income, the conduct of the parties, and any other relevant factors, except the parties' assets, the court deems appropriate. Consistent with the broad language of R.C. 3105.73(B), this court has continued to rely upon the Hummer factors to flesh out the statutory requirements. See McCord v. McCord, Franklin App. No. 06AP-102, 2007-Ohio-164; Carter v. Carter, Franklin App. No. 05AP-745,2006-Ohio-1206; Hummer, supra (setting forth a balancing *Page 6 
test to be applied when determining attorney fee awards in child support modification cases). Pursuant to Hummer, a trial court should consider (1) the needs of the children, (2) any change in circumstances, (3) the ability or inability of either party to pay, (4) the total amount of attorney fees, (5) the proportion of fees caused by undue delay or resistance by either party, and (6) the effect of payment of fees upon the custodial parent's ability to contribute a proportionate share of child support. Carter, supra, at ¶ 14.
 {¶ 11} Doreen initially argues the trial court failed to comply withHummer when it did not fully consider the fees that Kenneth's undue delay or resistance caused. Doreen's contention is without merit. Nothing in the trial court's decision suggests the court failed to consider Kenneth's litigation behavior in the award of attorney fees. Even were we to assume the trial court failed to contemplate how, if at all, Kenneth prolonged the litigation, the trial court awarded only half of his requested attorney fees. Because the record indicates Doreen's behavior was the overwhelming cause of delay and increased expense, an award of half of Kenneth's documented attorney fees demonstrates the trial court acted well within its discretion. Doreen's fifth assignment of error is overruled.
 {¶ 12} Doreen second argument concerning attorney fees contends the trial court made two mistakes when it applied R.C. 3105.73(B). She initially argues the trial court should have made a finding about Kenneth's income and utilized it in determining whether an award of attorney fees was equitable, as the court did regarding Doreen's income. Doreen concedes that R.C. 3105.73(B) does not require a trial court to consider the income of the parties in determining the propriety of an award of attorney fees. Doreen nonetheless contends that, because the magistrate concluded Doreen "has the ability to pay the attorney fee award and [Kenneth] does not have the ability to pay his attorney," *Page 7 
Kenneth's income should also have been considered before the court awarded Kenneth attorney fees. (Magistrate's Decision, 12.) Doreen next maintains the trial court failed to follow R.C. 3105.73(B) when it considered her non-litigation conduct in determining an award of attorney fees was equitable.
 {¶ 13} The trial court did not err in not making a definite finding regarding Kenneth's income, as R.C. 3105.73(B) allows, but does not require, such a finding. Perhaps more significant to resolving Doreen's argument, the magistrate's decision makes clear that the magistrate considered the incomes of each party before determining that an award of attorney fees to Kenneth was equitable. The magistrate, in particular, found that Doreen's "income has doubled here in Ohio over the last few years and possibly, with bonuses, tripled," while Kenneth's income "decreased substantially." (Magistrate's Decision, 12.) Further supporting an award of fees, the magistrate also found that Doreen's actions and the continuing litigation contributed to Kenneth's diminished earnings. Doreen's first assignment of error is overruled.
 {¶ 14} Even so, Doreen asserts the trial court erred in its attorney fees award to Kenneth because R.C. 3105.73(B) permits a trial court to consider only the acts of a party in the course of the litigation. In support of her argument, she points to Suglio v. Suglio, Stark App. No. 2006-CA-00235, 2007-Ohio-1802, which upheld a trial court's award of attorney fees to an ex-wife because the ex-husband's actions in manipulating his corporate tax return to artificially lower his income caused the ex-wife to incur excessive fees. Doreen notes that in bothSuglio and McCord, supra, the attorney fee award was based on conduct which occurred during the litigation. *Page 8 
 {¶ 15} Doreen's reliance on these cases is misplaced. While litigation conduct can serve as the basis for an attorney fee award pursuant to R.C. 3105.73(B), nothing in the statute or in the cases applying the statute precludes a trial court from considering non-litigation conduct, especially when that non-litigation conduct results in lengthier and more expensive litigation between the parties. See Karales v.Karales, Franklin App. No. 05AP-856, 2006-Ohio-2963, and Parker v.Parker, Franklin App. No. 05AP-1171, 2006-Ohio-4110 (both upholding attorney fee awards based in part on conduct not directly connected to the litigation).
 {¶ 16} Doreen attempts to distinguish Karales, arguing not only that the court in Karales did not specify whether the conduct leading to the sanction occurred before or during the litigation, but also that the precise issue of extra litigation activity was not fully addressed because the appellant did not raise it. Moreover, she asserts, the disparity in income between the parties in Karales was the main factor behind the decision to uphold the attorney fee award. Doreen's arguments lack merit.
 {¶ 17} Because a court addresses an award of attorney fees through equitable considerations, a trial court properly can consider the entire spectrum of a party's actions, so long as those actions impinge upon the course of the litigation. See R.C. 3105.011 (stating the domestic relations court "has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters"). Where, as here, one party's improper actions force the other to turn to the court in an effort to protect his visitation rights, principles of equity allow the trial court to exercise its discretion in determining the appropriate awards based on the parties' respective behavior. Doreen's sixth assignment of error is overruled. *Page 9 
 {¶ 18} Doreen's third argument concerning attorney fees contends the award of attorney fees to Kenneth is against the manifest weight of the evidence because Kenneth's "egregious" conduct "prolonged and exacerbated the litigation." (Doreen's brief, 17.)
 {¶ 19} The record, of considerable volume, includes the parties' testimony, much of which is conflicting if not outright irreconcilable. The trial court and its magistrate were charged with resolving the credibility issues and did so. Doreen, in effect, asks us to overturn the trial court's resolution of the conflicting evidence, as the trial court specifically found the record supported the magistrate's findings and conclusions. In his decision, the magistrate found Doreen's "approach to this case and her actions to be squarely at the root of the parties' inability to work together for [their minor child] and for the failure to resolve this matter expeditiously. It is an understatement that [Doreen]'s actions have caused this ongoing litigation. * * * It is important to note that [Doreen]'s improper conduct occurred and continued even under the watchful eye of the court." (Magistrate's April 10, 2007 Decision, 7, 8.) Given these findings and the evidence that supports them, we cannot say the attorney fee award was against the manifest weight of the evidence. Doreen's seventh assignment of error is overruled.
 {¶ 20} Doreen's fourth argument concerning attorney fees asserts that, because Kenneth at one time sought to discharge his attorney fees through a bankruptcy proceeding, she should not have to reimburse him for those costs. Citing Mallin v. Mallin (1995), 102 Ohio App.3d 717, Doreen contends that since the attorney fee award in this case was not intended as support alimony and was made after Kenneth filed for bankruptcy, her obligation to pay attorney fees was discharged. *Page 10 
 {¶ 21} In Mallin, the divorce decree ordered the husband to pay "as further alimony the sum of $15,000 as and for his contribution to the wife's attorney fees." Id. at 719. Before executing on this judgment, the wife filed for bankruptcy where the attorney fees she owed to her attorney were discharged. After the husband filed various motions, the wife executed on the judgment that ordered the husband to pay her attorney fees, reviving the debt to her attorney when she retained him to defend against the husband's motions. The husband sought relief from the judgment, but the court refused, holding "the husband's debt to the wife is separate and distinct from the debt the wife owed to her attorney. The husband's obligation to pay alimony continues to exist regardless of whether the wife's debt to her attorney is discharged in bankruptcy." Id. at 721. Doreen similarly relies on Asad v. Asad (Dec. 13, 2001), Cuyahoga App. No. 79258, holding that a husband could not discharge through bankruptcy an order of attorney fees "in the nature of alimony."
 {¶ 22} From these cases Doreen apparently concludes that because the attorney fees award here did not state it was for spousal support, it was dischargeable in bankruptcy, and she should not be obligated to pay for attorney fees Kenneth could have, but did not, discharge in the bankruptcy proceedings. The cases Doreen cites lend no support to her contentions.
 {¶ 23} Initially, as in Mallin, the court here specified the award was in the nature of support and not dischargeable. Just as inMallin the court concluded the husband's obligation to pay attorney fees in the nature of alimony continued even if the wife's debt to her attorney was discharged in bankruptcy, so too Doreen's obligation to pay attorney fees in the nature of child support continues even if Kenneth were to discharge his *Page 11 
attorney fees debt in bankruptcy. The record, however, contains no evidence Kenneth discharged his attorney fees in his bankruptcy action. Even if the record could be so construed, Kenneth, like the wife inMallin, later reaffirmed that debt; he thus still remains liable for repayment. Although Doreen maintains Kenneth intended to discharge the debt, neither Doreen's speculations about Kenneth's intent, nor her unsupported suggestion that Kenneth was required to discharge his attorney fees debt in bankruptcy, demonstrate the trial court abused its discretion in awarding attorney fees to Kenneth.
 {¶ 24} Perhaps aware of the absence of authority for her contentions, Doreen raises public policy concerns, arguing an award of attorney fees in this case encourages a litigant to refuse to settle when the litigant has allowed unpaid attorney fees to accrue through the pendency of the litigation. According to Doreen, "[o]nly circumspection in the award of attorney fees will safeguard access to the courts and discourage excessive use thereof by non-paying litigants." (Doreen brief, 7.) Doreen maintains she, by contrast, had "every motivation to resolve the case since she was paying her attorney throughout the litigation." Id.
 {¶ 25} Doreen's argument would be more persuasive if the facts of this case demonstrated that the extraordinary length and cost of these proceedings resulted from Kenneth's unwillingness to reach a satisfactory compromise. Although she cites to some evidence in the record indicating Kenneth's actions at times delayed resolution of disputed issues, the magistrate's findings of fact, adopted by the trial court, determined Doreen's "approach to this case and her actions to be squarely at the root of the parties' inability to work together for [their daughter] and for the failure to resolve this matter expeditiously." (Magistrate's April 10, 2007 Decision, 7.) Doreen's misconduct included *Page 12 
her failure to appear before the judge despite being ordered to do so, resulting in a capias being issued for her arrest, as well as her using "a series of partial truths, omissions, and inaccurate representations, generated solely by [Doreen]" in order to have a restraining order vacated so that she could unilaterally move to Arizona. Id. at 3. Doreen's second assignment of error is overruled.
B. Travel Expenses
 {¶ 26} Doreen contends the trial court erred in ordering her to pay Kenneth's travel expenses, asserting these expenses either were not properly before the court or were discharged in Kenneth's bankruptcy. In particular, Doreen relies on the judgment entry of June 20, 2006, adopting the parties' settlement agreement, that states all issues were resolved "except for attorney's fees requested in the parties' motions."
 {¶ 27} To the extent Doreen suggests the magistrate's decision, in itself, bound the trial court, her contentions are unpersuasive. Indeed, the trial court's March 27, 2007 entry noted it was adopting the magistrate's decision "unless specifically modified or vacated." The trial court thus recognized its prerogative, absent other restrictions, to alter its decision depending on the merits of the parties' objections. See Civ. R. 53(D)(4)(b).
 {¶ 28} The more troublesome issue is that the trial court exceeded the bounds of the agreed judgment entry. "[I]t is well-settled that `[a]n agreed judgment entry is a contract that is reduced to judgment by a court.'" Nunnari v. Paul, Lucas App. No. L-06-1281, 2007-Ohio-5591, at ¶ 16, quoting Sovak v. Spivey, 155 Ohio App.3d 479, 2003-Ohio-6717, at ¶ 25, citing Spercel v. Sterling Industries, Inc. (1972),31 Ohio St.2d 36, 39, and Najarian v. Kreutz (Aug. 31, 2001), Lucas App. No. L-00-1302 (stating that the law of contracts applies where the parties to a divorce resolve the issues through an agreed *Page 13 
judgment entry). "Thus, an agreed judgment entry is subject to the same rules of construction as a contract, in which common, unambiguous words will be given their ordinary meaning, unless some other meaning is clearly suggested from the face or overall contents of the agreement."Nunnari, supra, citing Ronyak v. Ronyak, Geauga App. No. 2001-G-2383, 2002-Ohio-6698, at ¶ 10; Fabre v. Fabre, Stark App. No. 2007CA00224,2008-Ohio-5677, at ¶ 19 (stating that a court applying an agreed judgment entry is "required to interpret the provisions of [an] agreed judgment entry according to the common, ordinary and unambiguous meanings of the terms in making its decision").
 {¶ 29} While a settlement agreement binds the parties, the agreement is not binding on the court, which has the discretion to adopt the agreement, reject it, or adopt portions of the agreement while ruling separately on other issues. See Dvorak v. Petronzio, Geauga App. No. 2007-G-2752, 2007-Ohio-4957, at ¶ 17, citing Eyre v. Eyre, Portage App. No. 2003-P-0133, 2004-Ohio-6685. Here, however, the trial court adopted the parties' entire settlement agreement and incorporated it into an agreed judgment entry that the trial judge, the parties and their respective counsel signed. Under those circumstances, the trial court lacked the discretion to violate the agreement and address issues that the parties settled, and the court confirmed, through the agreed judgment entry. Cf. Hissa v. Hissa, Cuyahoga App. No. 79994, 2002-Ohio-6313 (concluding the trial court did not violate the agreed judgment entry where the then present facts prevented application of the terms of the agreement).
 {¶ 30} If the trial court wanted to address travel expenses, it should have either not signed the agreed entry or vacated the entry, which at that time was not a final judgment, *Page 14 
and forewarned the parties it reconsidered the agreed settlement and intended to determine additional issues. Because it did neither, and the agreed entry specified the only remaining issue to be determined was attorney fees, the trial court abused its discretion in also addressing travel expenses.
 {¶ 31} Kenneth nonetheless contends Doreen waived the issue by not objecting to it. As Doreen correctly notes, she filed objections to the magistrate's decision, as did Kenneth. She thus preserved for appeal the areas where she disagreed with the magistrate's decision. See Civ. R. 53(D)(3)(b)(iv) (noting that, except for plain error, a party shall not assign as error on appeal the court's adoption of a factual finding or legal conclusion unless the party has objected to that finding or conclusion). To the extent Kenneth suggests Doreen should have addressed the issue of travel expenses in a response to his objections to the magistrate's decision, neither party filed responses to the others objections. In point of fact, neither Civ. R. 53 nor Loc. R. 9 of the Franklin County Domestic Relations Court requires a response to objections, even though the local rule allows a memorandum contra to be filed within ten days of the opposing party's objections. If Kenneth's waiver argument had substance, the local rule presumably would be less permissive and more obligatory, as is Civ. R. 53. Indeed, were we to deem Doreen's objections waived, we similarly would have to conclude each party waived, by failing to file a memorandum contra, the counter arguments he or she could have made to the objections the other party lodged. We decline to extend waiver, or forfeiture, so far.
 {¶ 32} Similarly, although the trial court conducted oral argument on the objections, the parties' arguments addressed only the issue of attorney fees. Because the trial court's written decision and entry following the hearing on objections was the first to *Page 15 
award travel expenses, Doreen, under the somewhat unusual circumstances of this case, did not waive the issue by failing to raise it in the trial court. Doreen's fourth assignment of error is sustained, rendering moot her third assignment of error.
II. Kenneth's Cross-assignments of Error {¶ 33} On cross-appeal, Kenneth argues that, because the entire litigation resulted from Doreen's inappropriate conduct, the trial court abused its discretion in failing to award him all the attorney fees he requested. The trial court found to the contrary, noting that Kenneth was not entirely without fault because he failed to timely make payments for the minor child's clothing allowance and daycare costs. Moreover, Kenneth's prior arrests and the difficulty in establishing his income consumed considerable time during trial, contributing to the length and expense of the trial. Had Kenneth been more forthcoming on those issues, the trial could have been concluded more quickly and less expensively. Given such evidence, we cannot say the trial court abused its discretion in awarding Kenneth only half of his attorney fees.
 {¶ 34} These same findings buttress the trial court's decision to require Doreen to make $1,000 monthly installments, without an assessment of interest, to pay off the attorney fee award. Given the actions of both parties, the trial court acted within its discretion in finding that a lump sum payment or statutory interest would not be equitable under the circumstances. Kenneth's first, second, and third cross-assignments of error are overruled.
 {¶ 35} Finally, Kenneth contends the trial court erred by not requiring Doreen to pay all guardian ad litem fees. To the extent the fees are not attorney fees, they are outside the scope of the trial court's discretion pursuant to the agreed judgment entry *Page 16 
resolving all issues except attorney fees. Even if we address Kenneth's argument, we discern no abuse of discretion.
 {¶ 36} A trial court has broad authority to tax guardian ad l item fees as costs, including the amount of the fees and the allocation to either or both of the parties. Pruden-Wilgus v. Wilgus (1988),46 Ohio App.3d 13; Civ. R. 75(B)(2); Karales, supra, citing Davis v. Davis
(1988), 55 Ohio App.3d 196, 200 and Robbins v. Ginese (1994),93 Ohio App.3d 370. Fees may be allocated based on the parties' litigation success and the parties' economic status. Karales, supra, citingDavis, supra. Fees are properly allocated based upon which party caused the guardian ad litem's work. Id., citing Jarvis v. Witter, Cuyahoga App. No. 84128, 2004-Ohio-6628, at ¶ 100, overruled on other grounds,Siebert v. Tavarez, Cuyahoga App. No. 88310, 2007-Ohio-2643.
 {¶ 37} To support his argument, Kenneth cites to Karales, supra, arguing that Doreen's poor conduct required the trial court to allocate the guardian ad litem fees to her. Karales, however, does not hold that one party's poor conduct binds the trial court's discretion. Although the trial court found Doreen's conduct was largely responsible for the length of the litigation, it determined reallocation of the guardian ad litem fees was not proper because the evidence regarding the fees was vague, particularly concerning the amount of fees each party had paid to that date. The trial court's finding, as well as the evidence of record, supports its refusal to reallocate the guardian ad litem fees between the parties. Under the facts of this case, we would conclude the trial court properly exercised its discretion. Kenneth's fourth cross-assignment of error is overruled.
 {¶ 38} Having overruled Doreen's first, second, fifth, sixth and seventh assignments of error, but having sustained Doreen's fourth assignment of error, rendering *Page 17 
moot her third assignment of error, and having overruled Kenneth's four cross-assignments of error, we affirm the judgment of the trial court as modified, vacating that portion of the judgment that awarded Kenneth travel expenses.
Judgment affirmed as modified.
FRENCH and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1