[Cite as *Wallick Properties Midwest, L.L.C. v. Jama*, 2021-Ohio-2830.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Wallick Properties Midwest, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-299 |
| v. | : | (M.C. No. 2019 CVG 049542) |
| Mahdi Jama, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 17, 2021

**On brief:** *Willis Law Firm, LLC, William L. Willis, Jr., Dimitri G. Hatzifotinos, Solomon J. Parini, Michael K. Jameson,* and *Clint B. Charnes*, for appellee. **Argued**: *Michael K. Jameson.*

**On brief:** *The Legal Aid Society of Columbus, Melissa S. Lenz, and Holiday F. Lovey,* for appellant. **Argued:** *Melissa S. Lenz.*

APPEAL from the Franklin County Municipal Court

MENTEL, J.

{¶ 1} Defendant-appellant, Mahdi Jama, appeals from the judgment for restitution of premises granted to plaintiff-appellee, Wallick Properties Midwest, LLC. For the reasons that follow, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellee is a property management company for Beckley Townhomes located at 4780 Bayview Place, Columbus, Ohio ("premises"). Appellant is a tenant at the premises pursuant to a written lease agreement. On November 6, 2019, appellee served

appellant with a notice of lease termination. The parties settled the dispute entering into an agreed judgment entry filed with the trial court on February 14, 2020.

{¶ 3} The agreed judgment entry reads in relevant part:

1. Sowdo Jama, Sahra Taakilo, Nailo Jama, and Kafio Jama shall not be allowed on the premises located at 4780 Bayview Place, Col[umbus], OH and the common areas/complex surrounding this address ("the premises").

2. If any of the aforementioned individuals are at the Premises after this date, Plaintiff shall be entitled to judgment for restitution of the premises.

3. Plaintiff shall thereafter be entitled to a writ of restitution. [Plaintiff] shall submit a Praecipe for judgment and an affidavit of a witness with knowledge and a picture of any of the aforementioned individuals on the premises [Defendant's] council shall also be served with the Praecipe via email when it is filed.

(Feb. 14, 2020 Agreed Jgmt. Entry.)

{¶ 4} On February 21, 2020, appellee filed a "praecipe for judgment for restitution of premises" with the trial court. (Feb. 21, 2020 Praecipe.) Appellee alleged appellant breached the agreed judgment entry by allowing unauthorized individuals on the premises. Appellee filed with the praecipe a photograph of the alleged individual and a purported affidavit. On February 26, 2020, the trial court granted judgment for restitution of the premises to appellee. (Feb. 26, 2020 Jgmt. Entry for Restitution of the Premises.) On February 28, 2020, appellant filed a motion to stay the writ of restitution arguing that the person in the photograph was not one of the four named individuals in the agreed judgment entry but appellant's niece. The matter was set for a hearing on March 4, 2020. Prior to the start of the hearing, the dispute was resolved between the parties. The trial court wrote, "[p]ursuant to settlement of the parties concerning [defendant's] motion for stay, [plaintiff] has confirmed that the individual who was in the apartment that was the subject of the underlying eviction was not one of the individuals who was prohibited from being in the unit." (Mar. 4, 2020 Entry.) Given these facts, the trial court sustained appellant's motion, the judgment was vacated, and the agreed judgment entry was reinstated.

{¶ 5} On May 7, 2020, appellee filed a second praecipe for writ of restitution for immediate set out with the trial court. Appellee alleged that appellant violated the agreed judgment entry by allowing unauthorized occupants on the premises. Appellee attached to the praecipe a purported affidavit dated May 5, 2020. The document reads in relevant part, "[t]he undersigned hereby certifies that the above-named Defendant has breached the terms and conditions of the attached Agreed Judgment Entry and has allowed unauthorized occupants onto the premises, Plaintiff is now entitled to restitution of the subject property." (May 7, 2020 Praecipe, Purported Aff.) The notary certificate reads: "[t]he foregoing instrument was acknowledged before me this 5th day of May 2020." (May 7, 2020 Praecipe, Purported Aff.) It is undisputed that no photograph of the unauthorized individual on the premises was filed with the trial court. On May 13, 2020, the trial court granted appellee's request for judgement for restitution of the premises, "[s]ubject to the limitations of FCMC Administrative Order, related to the pandemic." (May 13, 2020 Entry.)

{¶ 6} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellant assigns the following as trial court error:

[1.] The trial court erred when it granted judgment for restitution of the premises where Plaintiff-Landlord did not submit to the court a photograph of an alleged violation as required by the parties' agreed judgment entry.

[2.] The trial court erred when it granted judgment for restitution of the premises based on Plaintiff's purported affidavit, which failed to meet the statutory requirements for an affidavit and the requirements of the parties' agreement.

## III. LEGAL ANALYSIS

### A. Appellant's First and Second Assignment of Error

{¶ 8} For harmony of analysis, we will consider the first and second assignments of error together.

{¶ 9} In appellant's assignments of error, he argues the trial court erred granting restitution of the premises as appellee did not submit to the court a photograph of the alleged violation or a valid affidavit by an individual with knowledge as required by the agreed judgment entry. We agree.

{¶ 10} Courts are empowered to enter judgment by consent of the parties for the purpose of executing a compromise or settlement. *Bonn v. Bonn*, 10th Dist. No. 14AP-967, 2015-Ohio-3642, ¶ 17, citing *Grace v. Howell*, 2d Dist. No. 20283, 2004-Ohio-4120, ¶ 9. "In an agreed judgment, litigants voluntarily resolve an issue in controversy by agreeing to specific terms, which the court agrees to enforce as its judgment by signing and journalizing an entry reflecting the terms of the settlement agreement." *Bonn* at ¶ 17, citing *Bryan v. Johnston*, 7th Dist. No. 11 CA 871, 2012-Ohio-2703, ¶ 12. It is well-established law that an agreed judgment entry is a contract that is reduced to a judgment by the court. *Padgett v. Padgett*, 10th Dist. No. 08AP-269, 2008-Ohio-6815, ¶ 28. " 'Thus, an agreed judgment entry is subject to the same rules of construction as a contract, in which common, unambiguous words will be given their ordinary meaning, unless some other meaning is clearly suggested from the face or overall contents of the agreement.' " *Id.*, quoting *Nunnari v. Paul*, 6th Dist. No. L-06-1281, 2007-Ohio-5591, ¶ 16, citing *Ronyak v. Ronyak*, 11th Dist. No. 2001-G-2383, 2002-Ohio-6698, ¶ 10. When a court reviews an agreed judgment entry it must interpret the provisions according to the common, ordinary meaning of the terms. *Nunnari* at ¶ 16.

{¶ 11} As an agreed judgment entry is treated as a contract, like a settlement agreement, we will review this case under the same standard of review applied to a trial court's ruling on a motion to enforce a settlement agreement. *Pollock v. Trustar Funding*, 8th Dist. No. 107355, 2019-Ohio-3272, ¶ 33, citing *Chirchiglia v. Ohio Bur. of Workers' Comp.*, 138 Ohio App.3d 676, 679 (7th Dist.2000). That standard depends on the issues presented for review. *Id.* If the question is evidentiary in nature, we will not reverse the trial court's finding if there is sufficient evidence to support such a conclusion. *Id.* If, however, the issue is a question of contract law, we review whether the trial court's order is based on an erroneous standard or misconstruction of the law. *Id.*; *see also Ohio Title Corp. v. Pingue*, 10th Dist. No. 10AP-1010, 2012-Ohio-1370, ¶ 26-27, citing *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1996) ("[B]ecause the issue is a question of contract law, Ohio appellate courts must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court

erred."). Accordingly, the question before us is whether the trial court erred in enforcing the agreed judgment entry.

{¶ 12} After careful review of the record, we find the trial court erred in enforcing the agreed judgment entry. First, appellee failed to file a photograph evidencing the alleged violation with the trial court. While appellee does not contest that a photograph was not filed with the praecipe, it argues that it provided appellant's counsel with the photograph. Appellee's argument is without merit. It is well-settled law that an appellate court may only consider evidence that was before the trial court in the proceeding that was appealed and made part of the appellate record. App.R. 9; App.R. 12(A)(1)(b); *see also State ex rel. Ohio Civ. Serv. Emps. Assn. v. State,* 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 40, quoting *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13 (" '[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial.' "). Statements made in an appellate brief are not part of the record in resolving the appeal. *Welther v. Pageman*, 10th Dist. No. 19AP-774, 2021-Ohio-713, ¶ 9, citing *Cashlink, LLC v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 8. We are limited to the record of the proceedings and cannot consider appellee's argument as this evidence was never before the trial court. Regardless, appellee's argument misses the point. The agreed judgment entry expressly required the filing of a photograph evidencing the unauthorized individual on the premises so that the trial court could determine the merits of the alleged violation. Here, no photograph of the alleged offense was ever provided to the trial court making it impossible to evaluate if appellant violated the agreed judgment entry. Whether opposing counsel received the photograph has no bearing on the trial court's responsibility to consider this evidence prior to granting a request for restitution of the premises. Accordingly, the trial court erred by failing to enforce the photograph requirement of the agreed judgment entry.

{¶ 13} In addition to appellee's failure to provide a photograph of the alleged violation, appellee did not submit a valid affidavit by a witness with knowledge to the trial court.

{¶ 14} As set forth in R.C. 2319.02, an affidavit is a written declaration under oath that is made without notice to an adverse party. "Notaries public are of course the persons who most often administer the oaths that appear on affidavits." *Toledo Bar Assn.*

*v. Neller*, 102 Ohio St.3d 1234, 2004-Ohio-2895, ¶ 11.  R.C. 147.011 sets forth the legal requisitions for the types of notarial certificates.  An acknowledgement is defined as "a notarial act in which the signor of the notarized document acknowledges all of the following: (1) [t]hat the signor has signed the document; (2) [t]hat the signor understands the document; (3) [t]he signor is aware of the consequences for of executing the document by signing it."  R.C. 147.011.  Conversely, a jurat is a notarial act that "(1) [t]he signor of the notarized document is required to give an oath or affirmation that the statement in the notarized document is true and a correct; (2) [t]he signor signs the notarized document in the presence of a notary public."  *Id.*; *see also Stern v. Bd. of Elections of Cuyahoga Cty.*, 14 Ohio St.2d 175, 181-82 (1968).  Pursuant to R.C. 147.542, the notarial certificate must make clear the type of notarization being performed and whether an oath or affirmation was, or was not, administered to the signor regarding the notarial act.  Unlike an acknowledgement, a jurat certificate must expressly state that an oath or affirmation was administered to the signor and that the affiant signed the notarized document in the presence of the notary public.  R.C. 147.542(B); R.C. 147.011(D).

{¶ 15} As an initial matter, the affiant has failed to identify himself to the court. " 'To show competency to testify, the affiant must identify himself, his relationship to the parties or case, and the basis of his knowledge of the facts to which he attests.' " *Baycliffs Homeowners Assn. v. Solomon*, 6th Dist. No. OT-05-002, 2005-Ohio-4917, ¶ 48, quoting *Boros v. O'Knoski*, 6th Dist. No. L-92-358 (Sept. 24, 1993), citing *Fisher v. Lewis*, 57 Ohio App.3d 116, 117 (12th Dist.1988).  Here, the signature of the affiant is illegible.  The body of the purported affidavit also provides no guidance as to the identity of the affiant.  While the signature block on the document lists the names of four attorneys, we have no way to determine which of the four individuals signed the purported affidavit.

{¶ 16} Moreover, there is no evidence the affiant's statements were made under oath.  The Supreme Court of Ohio has held that an unsworn written statement that is signed under penalty of perjury is not a substitute for a sworn affidavit.  *Neller* at ¶ 1; *see also State v. Smith (In re Pokorny)*, 74 Ohio St.3d 1238 (1992) ("A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit"); *State ex rel. Coulverson v. Ohio Adult Parole Auth.*, 62 Ohio St.3d 12, 14 (1991) (finding that an affidavit that is not sworn before anyone authorized to give oaths is void); *Benedict v.*

*Peters*, 58 Ohio St. 527, 536 (1898) ("The general rule is that an affidavit must appear on its face to have been taken before the proper officer, and in compliance with all legal requisitions."). In the case sub judice, the affiant "certifie[d] that the above-named Defendant has breached the terms and conditions of the attached Agreed Judgment Entry." (May 7, 2020 Praecipe, Unmarked Ex.) As the agreed judgment entry required an affidavit, i.e., that the witness's statements be made under oath, a jurat certificate was required. Because the document provided to the court was not a sworn statement, it cannot constitute an affidavit as defined by R.C. 2319.02.

{¶ 17} Finally, appellee's affidavit was not from a "witness with knowledge." While appellee's brief claims "[the affiant] had personal knowledge of Defendant's breach of the parties' agreement," counsel acknowledged during oral arguments that the affiant did not make a first-hand observation of the alleged violation but based the averments in the affidavit on representations from his client. (Appellee's Brief at 18.)

{¶ 18} As an affidavit is a form of giving testimony, the affiant must be competent to testify at trial to the facts stated in the affidavit. *Martin v. Schregardus*, 10th Dist. No. 96APH02-138 (1996), citing *Boros*. A witness may not testify in a case "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Evid.R. 602.[1] " 'Personal knowledge' is "knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." ' " *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 26, quoting *Black's Law Dictionary* 875 (7th Ed.Rev.1999), citing Weissenberger, *Evidence*, Section 602.1, at 213 (2002); *see also* Evid.R. 602, Staff Notes ("A witness is required to testify from first-hand knowledge which has been acquired by perceiving a fact through one or more of his five senses. Of course, the witness must have had an opportunity to perceive and must have actually perceived.").

{¶ 19} In the instant case, the affiant makes no averments of personal knowledge or specifically sets forth in the affidavit that the statements were made upon personal knowledge. "An affidavit without an averment of personal knowledge must show personal

---

[1] Civ.R. 56(E) also provides some instructive language stating, "[s]upporting * * * affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

knowledge specifically. However, where it is specifically set forth in an affidavit that the affidavit was made upon personal knowledge, such is sufficient to meet the requirement." (Internal citations omitted.) *Bycliffs Homeowners Assoc. v. Solomon*, 6th Dist. No. OT-05-002, 2005-Ohio-4917, ¶ 46. Based on the lack of evidence that the affidavit was based on personal knowledge, and counsel's admission to that effect, we conclude that the affiant was not competent to testify regarding the alleged violation of the agreed judgment entry.[2]

{¶ 20} Appellee's primary argument is that it complied with the "spirit" of the agreement and any technical errors were harmless. (Appellee's Brief at 18.) Pursuant to Civ.R. 61 and R.C. 2309.59, we must disregard any error that does not affect a substantial right of the complaining party. *O'Brien v. Angley*, 63 Ohio St.2d 159, 164 (1980). Proof of a procedural violation, alone, is insufficient to warrant judicial relief if it does not affect a substantial right of the parties. *Motorists Mut. Ins. Co. v. Hall*, 10th Dist. No. 04AP-1256, 2005-Ohio-3811, ¶ 18. "To determine whether an error affected a substantial right of a party, the reviewing court must weigh the prejudicial effect of the error and decide whether the fact finder would probably have reached the same decision but for the error taking place." *Id.* at ¶ 19, citing *Hallworth v. Republic Steel Corp.*, 153 Ohio St. 349 (1950), paragraph three of the syllabus.

{¶ 21} Preliminarily, appellee has repeatedly asserted in its brief that it is undisputed that appellant breached the terms of the agreed judgment entry by allowing unauthorized individuals on the premises so the court would have reached the same conclusion regardless of its compliance with the terms of the agreed judgement entry. Despite appellant's recurring assertions otherwise, there is no evidence in the record to support that claim. Appellee's contention that the trial court would have issued a judgment against appellant if appellee had submitted the photograph and proper affidavit cannot be resolved as no such evidence was presented to court for review.

---

[2] We would be remiss if we did not address the issue of an attorney attempting to file an affidavit as a witness in this case. Prof.Cond.R. 3.7 precludes an attorney acting as a witness where he/she is an advocate at a trial in which the lawyer is likely to be a necessary witness outside several very specific circumstances, none of which are implicated in this case. As the purported affidavit was defective, Prof.Cond.R. 3.5 is fortunately not implicated. Appellee's counsel noted in its brief it has repeatedly used this affidavit in other cases without objection. We strongly urge appellee's counsel to reevaluate this practice.

{¶ 22} After careful review of the record, we conclude that appellee's failure to provide a photograph and valid affidavit affected appellant's substantial rights. The purpose of these evidentiary provisions is to allow the trial court an opportunity to review whether appellee has complied with the terms of the agreed judgment entry. Without a photograph and valid affidavit, appellee failed to submit the only two pieces of evidence required under the agreed judgment entry. The importance of such provisions cannot be overstated as evidenced by appellee's first praecipe that included a photograph not of an unauthorized individual but of appellant's niece.

{¶ 23} Appellee's repeated references to these errors as "procedural" or "technical" not only demonstrate an overly dismissive attitude of its own shortcomings but an indifference to the natural consequence of its actions in this case. Appellee's cavalier attitude towards the legal requisitions at issue is exceedingly troublesome.

{¶ 24} Accordingly, we sustain appellant's first and second assignments of error. On remand, the municipal court should vacate the judgment for restitution of premises in favor of appellee due to the lack of evidence to establish a violation of the agreed judgment entry.

## IV. CONCLUSION

{¶ 25} Having sustained appellant's two assignments of error, we reverse the judgment of the Franklin County Municipal Court. We remand this matter to the trial court with instructions.

*Judgment reversed and cause remanded.*

KLATT and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____